WILLIAM SHIELDS v. CLAUDE N. RIOPELLE.

*Equity—Foreclosure of mortgage—Execution for deficiency—Action at law for debt—Jurisdiction of court allowing.*

1. Proceedings *at law* under How. Stat. § 6703, for the recovery of the debt secured by a mortgage, can only be properly brought upon the *personal* obligation *after* the filing of the foreclosure bill, and *before* a *sale* under the decree made in the suit thus commenced, the object of said section being to allow the complainant to *elect* which *remedy* he will pursue *before* such sale.

2. The Legislature never intended to leave it discretionary with the *equity* court to authorize an action at law, *after* a sale of the mortgaged premises, for the *deficiency*, until an execution had been issued *therefor* under the order of *such* court, and returned *unsatisfied* in *whole* or in *part*.

3. The *decree* in a foreclosure suit settles the *amount* of the mortgage debt, and the *report of sale*; when confirmed, *determines* the *amount* of the *deficiency*, and the statutory mode for its collection by execution must be resorted to *before* an action at law can be maintained for *its* recovery, which action lies upon the *decree*, and not upon the *original obligation*.

4. If, after the determination of such deficiency, anything occurs to *reduce* or *discharge* the same, the court, on application for an execution, has power to ascertain the necessary facts, and order a reference where necessary, and make such order in the premises as shall be just between the parties.

5. After a complainant in a foreclosure suit has elected to pursue his remedy in the *chancery* court, by a *sale* of the mortgaged premises, he has submitted his claims to the *equitable* remedy, and, if his application for an execution to collect the reported deficiency on such sale is *refused*, he cannot proceed by suit at law for its collection.

6. It is a familiar principle that, when a court of *competent* jurisdiction has become possessed of a case, its authority continues, *sub-*

*ject only* to the appellate authority, until the matter is *finally* and *completely* disposed of; and no court of *co-ordinate* authority is at liberty to interfere with its action. *Maclean v. Wayne Cir_ cuit Judge,* 52 Mich. 259; *E. T. Barnum Wire & Iron Works v. Speed,* 59 Id. 272.

Error to superior court of Detroit. (Chipman, J.) Argued October 14, 1886. Decided November 4, 1886.

Assumpsit for a deficiency on mortgage foreclosure. Defendant brings error. Order authorizing such suit set aside, and judgment rendered therein reversed. The facts are stated in the opinion.

*J. S. Dewey,* for appellant.

*H. F. Brownson (Levi T. Griffin,* of counsel), for plaintiff.

SHERWOOD, J. In this case the defendant gave his note to the plaintiff on the sixteenth day of November, 1875, in the sum of $500, payable in three years from date, with interest, payable semi-annually, at 10 per cent., and at the same time gave plaintiff a mortgage upon real estate as collateral security for the payment of the note according to its terms.

Neither interest nor principal having been paid on the note or mortgage, the plaintiff filed his bill of complaint in the Wayne circuit court in chancery to foreclose the mortgage. The bill was taken as confessed, and such proceedings were thereafter had that the circuit court commissioner for said county, on the twenty-eighth day of September, 1877, reported to the court that there was $571.12 principal and interest then due on the note and mortgage, and also $50 solicitor's fees, as provided in the mortgage.

Said report was duly filed with the register of said court, and on the ninth day of October following the judge thereof rendered a decree in the usual form in such cases for the sum of $596.12, and requiring the payment of the same on or

before the twenty-second day of June, 1878, and in default thereof that the mortgaged property be sold.

Default in payment being made, the property, consisting of two city lots in Detroit, was sold under the decree on the eighth day of August, 1878, to the complainant, for the sum of $10, being $5 for each lot.

On the twenty-first day of January, 1884, the plaintiff filed his petition in the cause, and made his motion thereon, for leave to issue execution for the deficiency after sale of the real estate upon the decree. This motion the court denied.

It further appears that on the twenty-eighth day of January, 1884, the said circuit judge in chancery granted an order on motion of plaintiff's counsel for leave to plaintiff to bring suit at law upon the note, to recover for the deficiency after such mortgage sale; and thereupon the plaintiff brought this suit in the superior court of the city of Detroit, declaring upon all the common counts in assumpsit, accompanying his declaration with the copy of the note which was secured by the mortgage.

The defendant pleaded the general issue, giving notice thereunder of the proceedings had upon the mortgage, and that the statute of limitations ran against the note.

The cause was tried before Judge Chipman, without a jury, who found the facts substantially as above stated, and, in addition thereto, that the money on the note and mortgage was not due when the foreclosure suit was brought, and did not become due until the nineteenth day of November, 1878, and that, at the time the two lots were sold under the decree, they were worth $1,000, and that the plaintiff thereafter sold them for that amount; also, that the counsel for the plaintiff stated to the defendant before the day of sale that the lots were worth more than the decree called for, and that "it would be all right."

The attorney for the defendant, upon the facts found, requested the court to find the following conclusions of law:

"1. That the court has no jurisdiction to hear and try this case, under the order of the circuit court for the county of Wayne, in chancery, giving leave to bring suit at law on the promissory note in evidence in this case.

"2. That at the time the foreclosure bill was filed in the circuit court for the county of Wayne, in chancery, to foreclose the mortgage, accompanied by the note sued upon in this case, neither said mortgage nor note was then due and payable, and the plaintiff is not entitled to recover.

"3. That if the court find that the said note and mortgage were due at the time of the filing of the bill to foreclose, as stated in the request No. 2, then the statute of limitations has run for more than six years, after said note became due, before the suit was commenced, and therefore is barred by the statute of limitations, and the plaintiff is not entitled to recover.

"4. That from the facts, as appear from the testimony in this cause, upon the trial thereof, the plaintiff is estopped from pursuing his remedy at law to recover any balance claimed to be due after foreclosure and sale.

"5. That the action at law to recover on the note in this cause sued upon is barred by the statute of limitations.

"6. That the plaintiff in this cause, under the proofs and evidence submitted herein, is not entitled to recover any sum whatever."

Which requests were not granted, and the judge of the superior court, in lieu thereof, made the following findings of law, viz. :

"As to the point of law presented by counsel for defendant, the court finds as follows:

"As to the first request, the court finds that it had jurisdiction to try said cause.

"As to the second request, the court finds that said note and mortgage were not yet due and payable when the foreclosure proceedings were commenced on the same in said circuit court for the county of Wayne, in chancery, but, nevertheless, the plaintiff is entitled to recover.

"As to the third request, the court refuses to grant the same; and also refuses to grant the fourth, fifth, and sixth requests; and says, as a matter of law, the said plaintiff is entitled to judgment for the sum of one thousand and forty-eight and fourteen one-hundredths dollars."

Judgment was entered accordingly, and the defendant brings error.

The plaintiff seeks to maintain this action under How. Stat. §§ 6702, 6703, which read as follows:

"Sec. 6702. When a bill shall be filed for the satisfaction of a mortgage, the court shall not only have power to decree and compel the delivery of the possession of the premises to the purchaser thereof, but, on the coming in of the report of sale, the court shall have power to decree and direct the payment by the mortgagor of any balance of the mortgage debt that may remain unsatisfied after a sale of the mortgaged premises, in the cases in which such balance is recoverable at law; and for that purpose may issue the necessary executions, as in other cases, against other property of the mortgagor.

"Sec. 6703. After such bill shall be filed, while the same is pending, and after a decree rendered thereon, no proceedings whatever shall be had at law for the recovery of the debt secured by the mortgage, or any part thereof, unless authorized by the court."

It will be noticed by section 6703 suit can only properly be brought upon the personal obligation after bill filed, and before sale, upon leave first obtained in the equity court. Various circumstances might occur before sale why the complainant's interest would be best protected by bringing suit at law upon the personal security. And it was undoubtedly the object of this section of the statute to allow the complainant to elect which remedy he will pursue before sale under the decree is made; but after sale made it is difficult to conceive of circumstances arising, rendering an action at law necessary to protect or enforce the rights of complainant.

I do not think the Legislature ever intended to leave it to the discretion of the equity court to authorize an action at law to be brought, after a sale of the mortgaged premises, for the deficiency, until an execution has been issued therefor under the order of the chancery court, and returned unsatisfied in whole or in part.

The decree settles the amount of the debt, and the report of the circuit court commissioner determines the amount of

the deficiency when confirmed after the sale, and the statute provides the mode of its enforcement, by execution, and it must be resorted to before an action at law can be maintained for its recovery, and then the action will lie upon the decree, and not upon the original obligation.

Anything occurring after the amount of the deficiency has been determined by the commissioner's report, either legally or equitably going to its payment in whole or in part, can be allowed by the court on the motion for the execution, and if necessary, in order to ascertain what payment has been made, or what equities have arisen which should operate as payment or discharge, and to what extent, since the report of sale was filed, a reference may be made to take proofs.

After the complainant has elected to pursue his remedy in the chancery court, by proceeding to a sale of the mortgaged property, he has submitted his claims to the equitable remedy; and as is said by Mr. Justice COOLEY:

"It is a familiar principle that, when a court of competent jurisdiction has become possessed of a case, its authority continues, subject only to the appellate authority, until the matter is finally and completely disposed of; and no court of co-ordinate authority is at liberty to interfere with its action." [1]

I think this doctrine applies to the present case, and, if so, this action should not, under the facts stated in the record, have been entertained by the superior court of Detroit.

The circuit court refused execution, when applied for, to enforce payment of the deficiency.

The grounds upon which this motion was denied do not appear in the record, and it makes no difference what they were, so far as this suit is concerned; but it would seem that the disposition made of the motion should have concluded the proceedings in the case. Under the facts stated and found, the motion certainly was void of all equity, and upon that ground was rightly decided.

[1] *Maclean v. Wayne Circuit Judge,* 52 Mich. 259.

I think that the subsequent order made by the circuit judge was unauthorized, and that the case prosecuted in pursuance thereof was equally so. That case is now before us, and the judgment rendered therein must be set aside, and the case dismissed.

The other questions raised in defendant's brief it is unnecessary now to discuss.

The other Justices concurred.