## MARY E. QUINNIN v. SAMUEL J. BROWN ET AL.

*Mortgage—Assignment of interest therein—Priority of claims.*

In this case it is held, upon the facts stated in the opinion, that an assignee of a $4,800 interest in a mortgage is entitled to have said claim first satisfied, on foreclosure, as between the assignor and assignee.

Cross-appeals from Shiawassee. (Newton, J.) Argued June 26, 1888. Decided November 1, 1888.

Foreclosure bill. Decree modified so as to give complainant's claim priority, and affirmed. The facts are stated in the opinion.

*A. L. Chandler*, for complainant. [Brief confined to a discussion of the testimony.—REPORTER.]

*John D. Conely*, for complainant, contended as stated in the opinion, and cited the authorities found in footnote.

*Alex. D. Fowler*, for defendant Brown, contended:

1. When Quinnin paid Brown the $4,800, and took an assignment to complainant, he extinguished $4,800 of the mortgage as between Brown and the Quinnins; citing *Winans v. Wilkie*, 41 Mich. 266; *Champney v. Coope*, 34 Barb. 539; Hilliard, Mortg. pp. 541, 542, § 11, p. 535, § 5; and the effect would have been the same if complainant had paid the $4,800, instead of her husband, as her interest was the same as his, they holding the title by entireties.

2. The cases cited, as to a preference to complainant under the assignment, are not applicable, because:

   *a*—She is a party to the bond and mortgage, with the consideration for the assignment paid by her husband and co-obligor.

   *b*—But if this was an ordinary case of the assignment of a part of a mortgage to a stranger, the rule in this State is settled in favor of *pro rata* security; citing *Cooper v. Ulmann*, Walk. Ch. 251; *English v. Carney*, 25 Mich. 182.

3. Complainant is estopped from claiming that the bond and mortgage are not a legal claim against her and the property; citing *Norton v. Nichols*, 35 Mich. 148; *Peake v. Thomas*, 39 Id. 154.

SHERWOOD, C. J.   The complainant, who is the wife of the defendant Alexander Quinnin, files her bill of complaint in this cause to foreclose a mortgage executed by herself and her husband, on the 14th day of January, 1886, to Samuel J. Brown, upon the Central Hotel property, at Corunna, in the county of Shiawassee, to secure the sum of $8,800; she having on the 6th day of September, 1886, received an assignment of a $4,800 interest therein from said Brown.   The mortgage was given to secure a bond, which the complainant and her husband had signed.   Defendant Brown is the owner of the balance of the mortgage not assigned to complainant by him.   The defendant Mary E. Wilson is a subsequent purchaser of the property, who assumed the payment of the mortgage as part of the purchase price.   The defendant Henry C. Wilson is an occupant of the mortgaged property, and husband of Mary E. Wilson.   The Atkinsons are execution creditors of Henry C. Wilson, and claim under a levy upon the property mortgaged.

72 MICH.—20.

Defendant Brown appeared in the cause, and answered complainant's bill. The Atkinsons appeared and made formal answer, claiming therein to be subsequent incumbrancers. The bill was taken as confessed by the other defendants.

A bill of sale was given of the furniture in the hotel at the same time the mortgage was made, as additional security for the money secured by the mortgage, not exceeding $3,000.

On the 1st day of January, 1887, some interest and $500 principal became due, and no part of which has been paid. On the 4th day of March, 1887, the whole amount of the mortgage was declared due by Mr. Brown, which might be done under the terms of the mortgage. The testimony tends to show the property cannot be sold in parcels.

The bill was filed on the 6th day of April, 1887. In addition to the usual prayer of a bill in foreclosure cases, the complainant asks in this case that by reason of her marriage her signature to the bond be decreed a nullity, and she be released from all personal liability thereon. The complainant also asks that she be paid her $4,800 out of the proceeds of the sale of the mortgaged property, before any payment shall be made to the defendant Brown.

It appears from the record that in November, 1885, defendant Alexander Quinnin bought by contract 39 acres of land, known as part of the Wheeler farm, near Corunna, of defendant Brown. Quinnin's interest in this land was $550. He also owned a lot in Detroit, worth $300.

Mrs. Quinnin, the complainant, was the owner of a piece of land in Detroit, which was held by one Grant, under contract for its purchase. This parcel Mrs. Quin-

nin bought of Mrs. Brown, with the contract of Grant
outstanding, and which called for the payment of $2,300
as the purchase price.    Mrs. Quinnin's interest on Jan-
uary 14, 1886, was considered worth $1,850.    She also
owned besides a lot on Fourteenth avenue in Detroit,
worth $950.    She also had personal property worth $200.
So that Mrs. Quinnin's separate estate held in her own
right on the fourteenth of January, 1886, amounted to
$3,000.    She also owned, with her husband, a mortgage
on lands in Oakland county for $850; her interest therein
being joint with that of her husband.    This mortgage
was called the "La More Mortgage."

The defendant Brown lived in Detroit, and was engaged
in the real-estate business and agency.    C. D. Smith
owned the Central Hotel at Corunna, and had placed it in
Brown's hands, to be sold at this time.    About the 14th
of January, after some weeks of negotiating, Brown suc-
ceeded in bringing about a trade.    By the arrangement
Brown was to buy the hotel property and its furniture for the
sum of $13,500, and pay mainly for it in city property
that Brown then had in Detroit.    This was done.    Then
Brown sold the hotel and furniture to the Quinnins, who
gave property therefor to the amount of $4,700, and were
to give a mortgage for the remaining $8,800.

The property the Quinnins let Brown have, which was
taken by the latter for $4,700, was, first, Mrs. Quinnin's
interest in the Grant contract, $1,850; second, her lot on
Fourteenth street in Detroit, $950; and her personal
property, $200.    This was all Mrs. Quinnin's sole prop-
erty.    Mr. Quinnin furnished his lot in Detroit at $300,
and his interest in the contract for the 39 acres of land,
$550; and Mr. and Mrs. Quinnin put in also the La More
mortgage, then claimed to be worth $850.

The deed of the hotel property was made directly from
Smith to the Quinnins,—to Alexander Quinnin and Mary

E. Quinnin, his wife, or the survivor; but the bill of sale was given from Smith to Brown. Smith was paid by Brown, and the Quinnins had nothing to do with Smith. The bond and mortgage given by the Quinnins secured the payment of the said $8,800, and is signed by both of them; the mortgage containing the following clauses:

"And when the sum of $3,000 shall have been paid on this mortgage, said Brown agrees to execute a bill of sale to said parties of the first part of all the furniture, effects, etc., contained and described in the bill of sale,"—

That had on that day been given by Smith to Brown; also that should any proceeding be taken to foreclose the mortgage, either in law or chancery, or in any other manner provided by law, the Quinnins should pay $100 as a reasonable solicitor or attorney fee therefor, in addition to all other legal expenses.

It is claimed by counsel for complainant that the bond was void as against Mrs. Quinnin; that by the means used, and the disposition made of her property, the laws for the protection of married women have been completely ignored, and that her separate property had gone beyond her control. In the view we take of the case, those questions do not necessarily arise, and will not therefore be considered.

The trade completed as above stated, the Quinnins went into the hotel, and commenced business. In April following, engineered by Mr. Brown, another arrangement was entered into regarding the mortgaged property, which resulted in the Quinnins selling the hotel and furniture to parties who were introduced by Mr. Brown into the business, and whose names were Wilson. Mrs. Wilson became the purchaser, at the sum of $14,600, in payment of a part of which she assumed the payment of the $8,800 mortgage. Of this consideration the Quinnins received

the Wheeler farm, consisting of about 79 acres, subject to a mortgage of $3,500, which was deeded to Mr. Quinnin, and the La More mortgage was returned to him and his wife, by Mr. Brown destroying the assignment to him.

Brown now held the $8,800 mortgage upon the hotel, securing Mr. and Mrs. Quinnin's bond for that amount. He for some reason desired to get back the Wheeler farm; and on the 6th day of September, 1886, the Quinnins conveyed the Wheeler farm and La More mortgage back to Brown, and Mrs. Quinnin received from Brown an assignment of $4,800 interest in the bond and mortgage of $8,800. It is claimed by Brown that, when he made this assignment to Mrs. Quinnin, there was a verbal agreement made by her and her husband, whereby they promised that if they were compelled to take the hotel property they would give him back a new mortgage of $4,000, and take up the old one. Mr. Brown does not swear that the agreement was with Mrs. Quinnin, or that such mortgage should be a first mortgage, but says Mr. Quinnin said he was willing Brown's mortgage should be first. The agreement claimed by Brown is not found in the answer.

The Wilsons were in possession of the hotel property when the bill was filed, and complainant still resided on the Wheeler farm. The complainant tried to have defendant Brown file a bill to foreclose the mortgage, but he failed to do so. She finally filed her bill to protect her interest and enforce her claim.

Such is substantially the case presented by the pleadings and proofs, and about the only question in the case to be determined is, whose claim ought in justice and equity to be first satisfied on a sale of the mortgaged property, the complainant's or Mr. Brown's?

Quite a large amount of testimony was taken in the

case, and upon the hearing the circuit judge held that the assignment does not of itself give priority to complainant's claim, and made a decree that she share *pro rata* with the defendant in the fund arising upon the sale of the property mortgaged, under the foreclosure, including also the personal property that passed by the sale of the hotel, until both claims are satisfied in full, and that complainant recover her costs of Brown, and that the Atkinsons are entitled to have brought into court any surplus that may remain after paying the mortgage and interest, costs and expenses of sale; and that they may be permitted to show their right thereto, to the extent of their claim.

Under all the circumstances appearing in this record, Brown received from Mrs. Quinnin and her husband $4,800, which he owed to them when he took the Wheeler farm back. The most of this money belonged to Mrs. Quinnin. This he did not pay when the exchange was made, but he assigned to her that amount in the large mortgage. This money for which this assignment was made was purchase money of real estate. The amount assigned was so many dollars. It was not to be taken, by the terms of the assignment, from the last installments of the mortgage, nor from the last moneys paid or collected upon the mortgage, nor after some other debt was satisfied; and it is quite apparent that the parties contemplated, when the assignment was made, that the complainant's interest was to have priority over any other. In no other way could it be made certain that the amount Mrs. Quinnin was to receive would be realized from a foreclosure. We have no doubt but that Mrs. Quinnin, both under the facts and the law, was justly entitled to have her claim first satisfied. We think the evidence and circumstances combine in support of what she says the understanding was. The authorities

cited by complainant's counsel we think fully sustain this position.[1]

This is not the case of an assignment of one of several notes secured by mortgage, where the parties holding the notes must share *pro rata* in the proceeds of the securities. The decree entered at the circuit must be modified by making her claim the first to be satisfied in full, and, thus modified, will be affirmed, with costs against defendant Brown.

The other Justices concurred.

[1] *Bryant v. Damon*, 6 Gray, 564; *Salzman v. His Creditors*, 2 Rob. (La.) 241; *Bank v. Bank*, 9 Wend. 410; *Van Rensselaer v. Stafford*, Hopk. Ch. 569; *Barkdull v. Herwig*, 30 La. Ann. 618; *Wood v. Callaghan*, 61 Mich. 402; *Hanford v. Robertson*, 47 Id. 100.