SMITH *v.* PEGG.

Statute of Limitations—Foreclosure—Deficiency.

The statute of limitations begins to run against the right of a mortgagee to an execution for a deficiency from the entry of the decree of foreclosure, although the liability of the mortgagor cannot be enforced until the sale is made, and the report thereof is filed fixing the amount of such deficiency.

Appeal from Cass; Coolidge, J. Submitted November 11, 1896. Decided December 18, 1896.

Bill by Luther Smith against Abijah Pegg for a decree for a deficiency on foreclosure, and for an award of execution. From a decree dismissing the bill, complainant appeals. Affirmed.

On July 14, 1884, a decree of foreclosure was made in a suit brought by the complainant against defendant, Pegg, and wife, and one Lindsley. Pegg had executed the note and mortgage upon the real estate described in the bill of complaint, and was therefore personally liable. The decree found that defendant Pegg was indebted to the complainant in the sum of $812, and decreed that he pay the same to complainant on or before July 22, 1884; that, in default of payment, the lands be sold; that the commissioner report the amount of

the deficiency; and that, upon the coming in and con-firmation of the report, defendant Pegg pay the amount of such deficiency. The land was sold under the de-cree, commissioner's deed executed, and report of the commissioner filed November 8, 1884, showing the de-ficiency to be $611.12, and decree enrolled the same day. No further proceedings were taken by the complainant to collect the deficiency until the filing of this bill, Sep-tember 20, 1894. The bill is an original one, instead of the usual petition for confirmance of the sale and decree or order for the deficiency. The reason for filing an original bill is that the files in the case were lost. They were, however, found, and produced at the hearing. The prayer of the bill is for a decree for such deficiency, and an execution therefor. The bill was dismissed.

*Edward Bacon*, for complainant.

*F. J. Atwell*, for defendant.

GRANT, J. (*after stating the facts*). The defense interposed is the statute of limitations, which the defend-ant insists began to run from the date of the entry of the decree, July 21, 1884, and the complainant insists did not commence to run until the filing of the report, or until after an order had been entered confirming the report of sale and directing the payment of deficiency, under 2 How. Stat. § 6702. The statute of limitations provides:

"Every action upon a    *    *    *    decree heretofore rendered, or hereafter to be rendered, in a court of record    *    *    *    of this State,    *    *    *    shall be brought within ten years after the entry of the    *    *    *    decree, and not afterwards." 2 How. Stat. § 8736.

The original decree in a foreclosure suit, fixing the amount due and ordering a sale, is a final decree, from which an appeal will lie, and is the decree fixed by the statute of limitations. If the mortgagor does not choose to pay this decree, he may let the land be sold, and the amount realized will be credited upon the decree.

The decree is an adjudication of the amount due. It is final and conclusive, unless an appeal is taken. Subsequent payments, whether voluntary or by the sale of the property, do not affect the time when the statute begins to run. It is true that the personal liability cannot be enforced until the sale is made and report thereof filed. *Mickle* v. *Maxfield*, 42 Mich. 309; *Shields* v. *Riopelle*, 63 Mich. 462. The right to an execution is suspended until this is done. A stay of execution of a judgment at law does not postpone the running of the statute till the stay expires. If the complainant's construction be the correct one, he may postpone indefinitely the running of the statute, either by neglecting to sell, or to have the sale, when made, confirmed. By implication, at least, the rule is settled in *Wallace* v. *Field*, 56 Mich. 3, in which it was said: "The complainant had 10 years after the decree within which to make his claim by execution." While the point was not directly involved in that case, yet it is a plain declaration by the court of their construction of the statute, and, we think, states the correct rule.

The decree is affirmed, with costs.

The other Justices concurred.