QUINNIN v. QUINNIN.

MORTGAGES — FORECLOSURE—DEFICIENCY — EXECUTION— LIMITA-
TIONS.

> After a decree of foreclosure was filed in 1888, a personal decree
> for a deficiency was granted on petition in 1895, but no execu-
> tion was issued thereon until 1904. *Held*, that the execution
> was barred by lapse of time and was properly vacated on
> petition.

Appeal from Shiawassee; Smith, J. Submitted Feb-
ruary 8, 1906. (Docket No. 107.) Decided May 24, 1906.

Bill by Mary E. Quinnin against Alexander Quinnin,
Hallock Orsland, and others, to foreclose a mortgage:
On petition of Alexander Quinnin to set aside an execution
and levy for a deficiency. From a decree for petitioner,
defendant Orsland appeals. Affirmed.

*Stewart & Heald* (*Francis A. Stace*, of counsel), for
petitioner.

*Franklin L. Lord*, for appellant.

BLAIR, J. Complainant's husband, the appellee, pur-
chased of Samuel J. Brown a hotel property with the fur-
niture, on January 14, 1886, and gave back a bond and
mortgage, signed by himself and his wife, for $8,800.
The complainant signed the mortgage as well as the bond,
merely as the wife of the appellee. Afterwards, on April
20, 1886, the appellee sold the property to defendant Mary
E. Wilson, who assumed and undertook to pay the bond
and mortgage, and the appellee, with his wife, executed a
conveyance thereof to said Mary E. Wilson. After this,
and about December 6, 1886, Samuel J. Brown assigned
to the complainant an interest in the bond and mortgage,
to the amount of $4,800.

On April 6, 1887, the complainant commenced this suit to foreclose the mortgage, and on February 25, 1888, a decree was made. Both complainant and Brown appealed to this court from that decree, each claiming that her and his interest respectively took precedence of the other. The case is reported as *Quinnin* v. *Brown*, 72 Mich. 304. And this court decreed, on November 1, 1888, that complainant should be fully paid before anything should be paid to Brown, affirming the decree below in all other respects. Under the decree as modified by this court, the property was sold, March 23, 1889, by a circuit court commissioner, to Samuel J. Brown, and from the proceeds the complainant was paid in full, and the commissioner reported a deficiency of $4,403.95. Nothing further was done in the case until December 5, 1894, when Samuel J. Brown assigned all his interest in the decree to the appellant.

August 13, 1895, the appellant filed his petition in this case, stating the assignment to him, and that he had assigned an interest therein to Jeremiah Lynch, and praying that he and Lynch be substituted as defendants for Brown, and also setting forth that there was a large deficiency (without saying how much), and praying a personal decree against Mary E. Wilson and the appellee, which petition was granted by an order made September 3, 1895. The appellee claims that no notice of the petition or of the hearing thereof was given to him. Jeremiah Lynch subsequently died, and the appellant now has all his interest in the decree. Nothing more was done until June 17, 1904, when appellant caused an execution to be issued and levied on the lands of the appellee. On October 28, 1904, the appellee filed his petition to vacate the execution and the proceedings thereunder, and also to vacate the order on which the execution purports to have been issued. In his petition the appellee claims as the ground upon which he asks relief:

"1. Because he was released from all personal liability by Brown.

"2. Because the answer claiming the benefit of a cross-bill by Brown was never served on him, and he was never served with any subpœna or process to answer the same, or notice thereof, and never did appear thereto, and said answer claiming the benefit of a cross-bill was never taken as confessed by him.

"3. Because the original decree of foreclosure does not decree or adjudge that he is liable for any deficiency.

"4. Because the order for execution for the deficiency made September 3, 1895, was made without any service of notice upon him.

"5. Because the issuing of the writ of execution after the lapse of over 15 years after the making of the decree as modified by this court, and more than eight years and nine months after the making of the order of September 3, 1895, without any further showing or notice, was irregular and not in accordance with the laws of this State."

Appellant contends that appellee's petition should have been dismissed, since a final decree cannot be modified or vacated by petition. Conceding the correctness of appellant's position in this regard, it was competent for appellee to attack the validity of the execution upon the ground that it was barred by lapse of time. The decree in this court was made November 1, 1888, and was filed in the circuit court November 19, 1888. The execution in question was issued June 17, 1904. The execution was invalid, and was properly vacated by the circuit court. *Shelden* v. *Barlow*, 108 Mich. 375; *Smith* v. *Pegg*, 111 Mich. 232. It is unnecessary to discuss the other questions raised.

The decree of the circuit court is affirmed, with costs of both courts to appellee.

Montgomery, Ostrander, Hooker, and Moore, JJ., concurred.