ALBERT *v.* PATTERSON.

LIMITATION OF ACTIONS — FORECLOSURE OF MORTGAGES — DEFI-
CIENCY DECREE—EXECUTION.

> Since under the statutes of limitation (3 Comp. Laws, § 9751) a foreclosure decree is barred after ten years, execution may not issue on a decree of foreclosure entered December 11, 1899, on which a deficiency was reported March 3, 1900, by the commissioner after sale of the premises, complainant having made application on November 29, 1909, for leave to issue execution which was not issued until December 13, 1909.

Appeal from Kent; Perkins, J. Submitted June 16, 1911. (Docket No. 79.) Decided October 2, 1911.

Bill in aid of execution by Margaret Albert against Clara Patterson and Edward H. Patterson. From an order overruling a demurrer to complainant's bill, defendants appeal. Reversed.

*William Wisner Taylor*, for complainant.

*Walker & Fitzgerald*, for defendants.

BLAIR, J. Defendants appeal from an order overrul-

ing their demurrer to complainant's bill in aid of execution. On December 11, 1899, complainant obtained a final decree on foreclosure of a land contract against defendant Clara Patterson and others. On March 3, 1900, the commissioner made sale of the premises and reported a deficiency of $563.16. On November 29, 1909, complainant made application to the court for leave to issue execution for such deficiency, which was granted December 13, 1909, and execution was issued on December 14, 1909. On February 25, 1910, complainant filed this bill of complaint, to which the defendants demurred, upon the ground that the execution was invalid for the reason that the statute of limitations had run against the original decree when the execution was allowed and issued.

We regard this question as settled in favor of the demurrants by our decision in *Quinnin* v. *Quinnin,* 144 Mich. 232.(107 N. W. 906).

A question is raised by complainant as to the estoppel of defendants against presenting the above ground of demurrer by reason of their alleged conduct in delaying the issuance of the execution and procuring a stay of proceedings, which we do not deem it proper to determine upon this record.

The order is reversed, and the demurrer sustained, with leave to complainant to amend her bill so as to set up the claimed estoppel, if she is so advised, within 20 days after notice of this decision.

OSTRANDER, C. J., and BIRD, BROOKE, and STONE, JJ., concurred.