*In re* CARNEY'S ESTATE.

CARNEY v. CARNEY.

COURTS—PROBATE COURTS—JURISDICTION—STATUTES.

The probate court of a county first obtaining jurisdiction of the administration of an estate will retain such jurisdiction, even though a will is subsequently found and proceedings for probate are commenced in another county, under 1 Comp. Laws, § 9323 (3 Comp. Laws 1915, § 13819), providing that when any person dies intestate and is a resident of the State letters of administration shall be granted to the probate court of the county of which he is resident and the administration first legally granted shall extend to all the estate of deceased in the State, and shall exclude the jurisdiction of every other county, and 3 Comp. Laws, § 9340 (3 Comp. Laws 1915, § 13836), relating to the giving of notice of application for appointment of an administrator for an intestate estate by the probate judge, and 1 Comp. Laws, § 657 (3 Comp. Laws 1915, § 13766), providing that the "jurisdiction assumed in any case by a judge of probate, so far as it depends

upon the place of residence of any person, or the location of his estate, shall not be contested in any suit or proceeding whatever, except in an appeal from the probate court in the original case, or when the want of jurisdiction appears on the same record," and 1 Comp. Laws, § 658 (3 Comp. Laws 1915, § 13767), providing that the probate court of one of two counties first taking cognizance of a case of which they both have jurisdiction shall retain jurisdiction throughout the proceedings, and 3 Comp. Laws, § 9336 (3 Comp. Laws 1915, § 13832), providing that if, after the granting of letters of administration by any probate court on the estate of an intestate a will is duly approved and allowed by such court, the administration shall be revoked.

Case-made from Van Buren; Des Voignes, J. Submitted October 11, 1917. (Docket No. 87.) Decided December 28, 1917.

Katherine Carney presented for probate the last will of Byron S. Carney, deceased. The will was allowed in the probate court, and Claude S. Carney appealed to the circuit court. Judgment for contestant for lack of jurisdiction. Proponent appeals. Affirmed.

*Thomas J. Cavanaugh,* for appellant.

*David Anderson,* for appellee.

MOORE, J. Byron S. Carney died in Van Buren county, Mich., July 18, 1915. He left a last will dated the 24th day of June, 1915. In it is the statement: "I, Byron S. Carney, of the city of Kalamazoo, county of Kalamazoo and State of Michigan," etc. In article 8 of the will it reads:

"I do nominate and appoint the probate court of Kalamazoo county to select and appoint an executor for this my last will and testament," etc.

This will was witnessed by Minnie Ryan and Leona Green, both of Kalamazoo county.

On the 11th day of August, 1915, Roy W. Carney filed a petition in the probate court for Kalamazoo county alleging, among other things, that Byron S. Carney died July 18, 1915, leaving no last will and testament. The case was set for hearing September 9, 1915, on which day the probate judge entered an order that the said Byron S. Carney died intestate, and that at the time of his death he was an inhabitant of the city of Kalamazoo, and appointing Claude S. Carney administrator. On the 14th day of August, 1915, Katherine Carney, the widow, filed a petition in the probate court for the county of Van Buren setting forth, among other things, that Byron S. Carney died on the 18th day of July, 1915, leaving a will, and deposited it with the court. The petition stated deceased was at the time of his death an inhabitant of Van Buren county and left an estate therein. The probate court of Van Buren county fixed the day of hearing on September 13, 1915, on which day Claude S. Carney appeared as a contestant, and the hearing was adjourned to the 21st day of September, 1915, when the contestant filed objections to the jurisdiction of the court, as the probate court of Kalamazoo county had appointed an administrator on the 9th day of September, 1915. The probate court for Van Buren county overruled the objections, and on the 23d day of November, 1915, the will was admitted to probate in Van Buren county, and Andrew H. Campbell was appointed as administrator with the will annexed. From this order a claim of appeal was filed by Claude S. Carney. Later he filed a motion in the circuit court for the county of Van Buren praying that the circuit court might make an order dismissing all the proceedings of the probate court for Van Buren county because the probate court of Kalamazoo county had taken jurisdiction. To this petition on February 9, 1916, Katherine Carney filed an answer supported by

an affidavit and other papers. The court took the motion and affidavits under advisement and later filed certain findings of fact and conclusions of law and entered an order setting aside all the proceedings of the probate court of the county of Van Buren. Exceptions were duly filed to the findings of fact, the conclusions of law, and the judgment. Requests for further findings were made and refused and exceptions duly filed. The proceeding is here upon case-made.

We quote from the brief of counsel for appellant:

"It is apparent that the one question involved is: Did the probate court of Kalamazoo county under the facts and circumstances appearing in the record have a right to make an order on the 11th day of September, 1915, declaring that Byron S. Carney died intestate and appointing an administrator over his estate? If it did have such a right, was the probate court of Van Buren county obliged to surrender its jurisdiction and deny the petition of the proponent praying that the will of the decedent be admitted to probate under the circumstances in this case? * * *

"We are not contesting the jurisdiction of the probate court of Kalamazoo county. The court received a petition alleging intestacy. A sister court had received a petition alleging the existence of a will which was deposited with the court.

"Presumably neither court knew of the commencement of proceedings in the other. If the application in each court were for the appointment of an administrator over an intestate estate, there might be force to contestant's claim. But this is not the case. Decedent left a will, and it is our claim that the court receiving this will had a right to retain it and to pass upon its validity, and in connection therewith to determine the residence of decedent at the time of his death."

The statutes applicable which read:

"When application shall be made to the judge of probate for the appointment of an administrator of an intestate estate, or for letters of administration with the will annexed, or administrator *de bonis non* he

shall cause notice of the same and of the time and place of hearing thereof, to be given by personal service on all persons interested or to be published for three successive weeks in such newspaper as he may direct." 4 How. Stat. (2d Ed.) § 11056 (3 Comp. Laws 1915, § 13836).

Section 11039 (3 Comp. Laws 1915, § 13819) provides:

"When any person shall die intestate, being an inhabitant of this State, letters of administration of his estate shall be granted by the probate court of the county of which he was an inhabitant, or resident at the time of his death; if such deceased person at the time of his death reside in any other state or country, leaving estate to be administered in this State, administration thereof shall be granted by the probate court of any county in which there shall be estate to be administered, and the administration first legally granted shall extend to all the estate of deceased in this State, and shall exclude the jurisdiction of the probate court of every other county."

Section 12105, 5 How. Stat. (2d Ed.), 3 Comp. Laws 1915, § 13766, provides:

"The jurisdiction assumed in any case by a judge of probate, so far as it depends upon the place of residence of any person, or the location of his estate, shall not be contested in any suit or proceeding whatever, except in an appeal from the probate court in the original case, or when the want of jurisdiction appears on the same record."

Section 12106 (3 Comp. Laws 1915, § 13767) provides:

"When a case shall be originally within the jurisdiction of the probate court of two or more counties, the court which shall first take cognizance thereof by the commencement of proceedings, shall retain the same throughout."

Section 11052 (3 Comp. Laws 1915) § 13832, provides:

"If, after the granting of letters of administration by any probate court, on the estate of any deceased person, as if he had died intestate, a will of such deceased person shall be duly approved and allowed by such court, the first administration shall, by decree of said court, be revoked, and the powers of the administrator shall cease, and he shall thereupon surrender his letters of administration into the probate court, and render an account of his administration, within such time as the court shall direct."

These provisions of the statute are not ambiguous and would seem to take care of the case under consideration. The rule of law is well settled that the court which first obtains jurisdiction of a cause has exclusive right to decide the matter at issue, and any other court save an appellate one, which subsequently assumes to act in the matter must, when this priority of jurisdiction is brought to its attention, proceed no further, is held in the following cases: *Maclean* v. *Wayne Circuit Judge*, 52 Mich. 257 (18 N. W. 396) ; *Barnum Wire & Iron Works* v. *Speed*, 59 Mich. 277 (26 N. W. 802, 805) ; *Shields* v. *Riopelle*, 63 Mich. 463 (30 N. W. 90) ; *Wells* v. *Montcalm Circuit Judge*, 141 Mich. 58 (104 N. W. 318, 113 Am. St. Rep. 520). None of these cases arose in probate court, and we find none of our decisions which have passed directly upon a case like the one here. The case of *In re Estate of Davison*, 100 Mo. App. 263 (73 S. W. 373), is much like the case before us. In the opinion it is said, in part:

"Granting that his abode was in St. Louis, the question arises: Was the action of the probate court of Jackson county granting administration on his estate to his executor void so that the probate court of St. Louis should have ignored it and granted letters to the appellant? We have no doubt that this question should be answered in the negative; for, while there is some conflict among foreign decisions and some inconsistencies in the opinions of the appellate courts of

this. State, it seems to be settled law that, when a probate court has granted letters of administration on a decedent's estate, the grant has validity until it is set aside in a direct proceeding or on appeal, and cannot be ignored by some other probate court and letters granted to a different person. Before granting letters, a probate court must judicially determine the facts necessary to give it jurisdiction, and, under our statute, its jurisdiction may depend on where the decedent's abode was. The acts and rulings of probate courts enjoy the same presumptions in respect to validity that those of courts of general jurisdiction do, probate courts being treated, not as inferior tribunals, but as courts of superior though limited jurisdiction, whose judgments are impregnable to collateral attack. *Rowden* v. *Brown,* 91 Mo. 429 (4 S. W. 129). Having found the fact necessary to warrant it in assuming jurisdiction of a particular estate, if such finding may be wholly disregarded and for naught held by another similar court, confusion will occur in the administration of many estates, and important orders, on which titles acquired at administration sales and other property rights depend, will be shaken or annulled. If such a course were followed, there might be several concurrent administrations of the same estate in as many probate courts, each one treating the jurisdiction of the other as a usurpation. These considerations have gradually established the rule in most States that the administration first granted is collaterally unassailable and can only be vacated by a direct proceeding; that is, by an application to the court which granted it to set it aside. 1 Woerner American Law of Administration (2d Ed.), § 204, and cases cited."

See, also, *McFeely* v. *Scott,* 128 Mass. 16.

Judgment is affirmed, with costs to appellee.

KUHN, C. J., and STONE, OSTRANDER, BIRD, STEERE, BROOKE, and FELLOWS, JJ., concurred.