MORGAN *v.* HOEY.

1. COURTS—JURISDICTION—CONFLICT OF JURISDICTION.
   Where the circuit court of one county has obtained jurisdiction of the parties and the subject-matter, the circuit court of another county could not take jurisdiction of the same parties and the same subject-matter while the first suit was pending and undetermined; and on defendant's special appearance, his motion to dismiss upon said grounds should be granted.

2. SAME — WAIVER OF JURISDICTIONAL IRREGULARITY — JUDICATURE
ACT.
    The practice in effect prior to the enactment of the judica-
    ture act, viz., that jurisdictional irregularities are waived
    by a general appearance, *held*, not changed by 3 Comp.
    Laws 1915, § 12456.

3. SAME—JURISDICTIONAL IRREGULARITY WAIVED BY GENERAL AP-
PEARANCE.
    Where a similar case for the same cause of action was
    pending between the same parties in another circuit when
    plaintiff began the action in the case at bar, but four
    days later he filed a discontinuance in the former action,
    and thereafter defendant entered his general appearance
    and demanded a bill of particulars, his motion to dismiss,
    made some 30 days after the discontinuance of the for-
    mer action, was properly denied; the jurisdictional irreg-
    ularity having been waived by his general appearance.

Error to Bay; Houghton (Samuel G.), J.  Submit-
ted January 15, 1920.  (Docket No. 16.)  Decided
April 10, 1920.

Assumpsit by Bernard W. Morgan against William
T. Hoey for breach of a contract of employment.
Judgment for plaintiff.  Defendant brings error.  Af-
firmed.

*I. S. Canfield,* for appellant.

*Frank S. Pratt,* for appellee.

This action was commenced by plaintiff against de-
fendant for breach of an alleged contract of hiring.
The summons was issued and served on August 16,
1918.  Defendant, by counsel, filed notice of retainer
on August 28th, and on August 31st a demand for a
bill of particulars was filed.  September 12th a bill
of particulars was filed.  On September 23d defend-
ant made a motion to dismiss.  The motion to dismiss
is based upon the fact that on June 14. 1918, plain-

tiff herein brought suit for the same cause of action against defendant herein in the circuit court for the county of Alpena; that said suit in the Alpena circuit was at issue, pending, and undisposed of at the time the action in the case at bar was commenced in the Bay circuit. The court denied the motion, saying:

"On August 16, 1918, plaintiff began this suit in the Bay circuit court by serving summons on defendant on said day. Prior to that date plaintiff had begun a similar suit against defendant for the same cause of action in the circuit court at Alpena, Michigan. On the 20th of August plaintiff filed a discontinuance in the Alpena circuit and paid or offered to pay the costs to be taxed therein in connection therewith. On the 27th of August, 1918, defendant entered his appearance in said cause in the Bay circuit court by his attorney, Mr. I. S. Canfield. On the 29th of August plaintiff's declaration was served on defendant, and on the 31st of August defendant demanded from plaintiff a bill of particulars, which was served and filed about the 12th of September and on September 21st motion was made by defendant to quash and discontinue this cause, chiefly for the reason that the Bay circuit court did not have jurisdiction of the subject-matter at the time of issuing of the summons because of the suit pending in the Alpena circuit at the time the summons was issued.

"There is no dispute under the law and practice in this State but that a plaintiff may at any time upon notice to defendant or his attorney and on payment of costs, discontinue his suit, except in cases where recoupment or set-off have been asserted by the defendant, which was not the case in this matter.

"Soon after the commencement of this suit in the Bay circuit and several days after the discontinuance of the suit at Alpena, defendant entered a general appearance in the suit in the Bay circuit court and some time thereafter made a motion to dismiss the suit instituted in the Bay circuit for want of jurisdiction.

"In short, we find plaintiff discontinuing his suit in Alpena, as he had a right to do, defendant joining

issue in the Bay circuit` thereafter, and then filing a motion to dismiss the suit in the Bay circuit on the ground that a suit involving the same subject was pending in another circuit.

"Either circuit would have jurisdiction of the parties and subject-matter. Had the suit not been discontinued in the Alpena circuit the Bay circuit would have been compelled to dismiss the suit instituted therein after suit was begun.

"The promptness from which the suit was discontinued in the Alpena circuit, payment or offer to pay all taxable costs, and the arguments of counsel on the hearing, make it clear to the court that the instituting of the suit in the Bay circuit was not vexatious or intended to annoy the defendant, but was done in good faith, and within his personal rights, and to require him to discontinue the only suit left, the one in Bay, for the reasons maintained by defendant, that the summons was issued four days too soon, thereby requiring plaintiff to institute another suit, and no substantial rights of defendant being affected in the least, it would seem to be unreasonable to grant the motion and require such proceeding, which would tend to a multiplicity of suits and would be contrary to law and good practice. The motion therefore will be denied. *Wales* v. *Jones*, 1 Mich. 254; *Pew* v. *Yoare*, 12 Mich. 16; *Breckon* v. *Ottawa Circuit Judge*, 109 Mich. 615."

The case went to trial thereafter, resulting in a verdict for the plaintiff in the sum of $623.01. On motion for new trial, the same was denied, upon condition that plaintiff remit the sum of $137.50 from said verdict, which remittitur was thereafter filed and judgment rendered. Defendant now reviews said judgment in this court by writ of error.

BROOKE, J. (*after stating the facts*). The first and principal error relied upon by the defendant on this appeal is the denial of defendant's motion to dismiss the case in the Bay circuit, by reason of the fact that a similar case for the same cause of action was pend-

ing between the same parties in the Alpena circuit on the day that the summons was issued in the case at bar. It is asserted by counsel that the circuit court for the county of Alpena, having obtained jurisdiction of the parties and the subject-matter, the circuit court for the county of Bay could not take jurisdiction of the same parties and the same subject-matter while the suit first commenced was pending and undetermined in the circuit court for the county of Alpena, citing *Maclean* v. *Wayne Circuit Judge*, 52 Mich. 257; *Barnum Wire & Iron Works* v. *Speed*, 59 Mich. 272; *Shields* v. *Riopelle*, 63 Mich. 458; *Speed* v. *Common Council of Detroit*, 98 Mich. 360 (22 L. R. A. 842); *Wells* v. *Montcalm Circuit Judge*, 141 Mich. 58 (113 Am. St. Rep. 520); *In re Carney's Estate*, 199 Mich. 663.

There would seem to be no doubt that on the day the summons was filed and served in the case at bar (August 16, 1918), the Bay circuit was without jurisdiction to entertain the action. However, on the 20th day of August, thereafter, plaintiff filed a discontinuance of his suit in the Alpena circuit and paid, or offered to pay, the taxable costs in connection therewith, and on August 27, 1918, defendant entered his general appearance in the case at bar. Plaintiff's declaration having been filed on August 29th, defendant, on August 31st, demanded a bill of particulars which was thereafter filed and served on September 12th. The motion to dismiss was not made until September 21st—some 30 days after the discontinuance of the action in the Alpena circuit and long after defendant had appeared generally and demanded a bill of particulars.

Defendant relies upon the provisions of section 12456 of the Compiled Laws of 1915 and Circuit Court Rule No. 31, § 6, which provides:

"A motion attacking a pleading must be filed and

served within fifteen days after the receipt of the pleading attacked, and not afterwards,"  *   *   *

—and it is said that the motion to dismiss should have been granted because, on the day the summons was issued in the Bay circuit, the court was without jurisdiction.  Counsel says:

"For obvious reasons, plaintiff must rest his right to commence his suit in the Bay circuit court upon the conditions that existed when he issued process and had it served upon the defendant, not afterwards."

Had defendant appeared specially and moved to dismiss upon the grounds stated, we are of the opinion that the motion should have been granted; but we do not think that it was the legislative intent, as indicated by the enactment of section 12456, *supra*, to change the principle of the practice which had theretofore existed, which was that jurisdictional irregularities are waived by a general appearance.  See 1 Green's Michigan Practice (3d Ed.), page 378, and cases cited.

Several errors are assigned upon the admission of testimony and the charge of the court.  These we have examined and find them to be without merit, except one, relative to the amount recovered, which was cured by the reduction of the judgment on the motion for new trial.  The record discloses a sharply contested question of fact which was disposed of by the jury favorably to plaintiff's contention under a charge which, taken as a whole, was eminently fair.

The judgment is affirmed.

MOORE, C. J., and STEERE, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.