REPUBLIC AUTOMOBILE INSURANCE CO. *v.* MAEDEL.

1. COURTS—JURISDICTION—WHEN FORMER SUIT PENDING MAY BE PLEADED IN BAR.

Defense of former suit pending in another jurisdiction is availing only when, if first suit had been decided, it could be pleaded in bar as former adjudication.

Prior action in which claim might have been asserted by counterclaim, set-off, or cross-petition, as barring or abating subsequent independent action thereon, see annotation in 8 A. L. R. 694.

2. SAME.

> Action by insurance company as assignee of claim for damages arising from automobile accident is not barred by pending suit in another jurisdiction by defendant against assignor for damages arising from same accident, because judgment of no cause of action in pending suit could not be pleaded in bar in instant suit as former adjudication.

3. SAME—JURISDICTION—APPEARANCE—WAIVER.

> Defendant waived right to challenge jurisdiction of his person by entry of general appearance.

Error to Genesee; Parker (James S.), J. Submitted January 15, 1931. (Docket No. 157, Calendar No. 35,445.) Decided April 7, 1931.

Case by Republic Automobile Insurance Company, as assignee of Ivan Lambert, against Edward Maedel, to recover damages arising out of an automobile accident. From an order of dismissal, plaintiff brings error. Reversed.

*Neithercut & Neithercut* (*Richard C. Fruit,* of counsel), for plaintiff.

*Alex. B. Simonson,* for defendant.

CLARK, J. The automobiles of Edward Maedel and Ivan Lambert collided on a highway in Sanilac county. Lambert's insurer, Republic Automobile Insurance Company, plaintiff here, settled with him and took assignment of his rights, if any, to recover against Maedel. Maedel commenced a tort action against Lambert in the Sanilac circuit court to recover damages arising out of the collision, averred to be due to Lambert's negligence. This suit is pending. Later, plaintiff, assignee of Lambert, commenced this tort action against Maedel in the Genesee circuit court to recover damages of the

same accident, averred to be due to Maedel's negligence. Defendant Maedel entered general appearance, and pleaded the general issue, and later amended his plea by setting up thereunder matter in challenge of jurisdiction of the cause on the ground of former suit pending, and on the ground, too, of lack of jurisdiction of his person because of residence.

An order was made dismissing the case because of former suit pending. Plaintiff brings error. If defendant is right in either of his reasons advanced for dismissal, the order must be affirmed.

' The defense of former suit pending is availing when—"if the first suit had been decided, it could be pleaded in bar as a former adjudication." 7 R. C. L. p. 1069. A verdict of no cause of action, and judgment thereon, in the former suit would not be a bar to the second suit. The statute, Comp. Laws Supp. 1922, § 12477 (1) (3 Comp. Laws 1929, § 14142), permitted, but did not require, plaintiff or Lambert, its assignor, to file cross-declaration in the cause in the Sanilac circuit. Plaintiff might bring its separate suit, as it did. The defense of former suit pending is not sustained. *Seager* v. *Foster,* 185 Iowa, 32 (169 N. W. 681, 8 A. L. R. 690, and note, 694). Defendant waived right to challenge jurisdiction of his person by entry of general appearance. 1 Green's Michigan Practice (3d Ed.), p. 378; *Morgan* v. *Hoey,* 209 Mich. 655.

Reversed. Costs to appellant.

BUTZEL, C. J., and WIEST, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.