MILLER *v.* McLAUGHLIN.

EQUITY PRACTICE—OVERRULING PLEA—APPEAL.

Where, in a suit in equity to foreclose a mortgage, an order is entered overruling a plea to require another party to be made a defendant, and, notwithstanding an appeal is taken, the right to answer is claimed, the appeal is properly dismissed, as the order is interlocutory, and not final. *Cross* v. *Cross*, 54 Mich. 115, distinguished.

Foreclosure bill, filed in the Wayne circuit, by Sidney T. Miller, trustee, against Joseph R. McLaughlin, Collins B. Hubbard, and others: On motion by defendant Hubbard and others to reinstate an appeal. (Calendar No. 20,147.) Submitted January 26, 1904. Denied February 16, 1904.

*Earl D. Babst (Willis G. Clarke*, of counsel), for the motion.

*Miller, Smith, Alexander & Paddock, contra.*

PER CURIAM. This is a suit in equity to foreclose a

mortgage. It is the second time the matter has been in this court, having once been heard on a demurrer to the bill. See *Miller* v. *McLaughlin*, 132 Mich. 234 (93 N. W. 435). After their demurrer was overruled, appellants interposed a plea setting up facts which, it is claimed, required the State of Michigan to be made a party. This plea was overruled, with permission to defendants to put in their answers to the bill within 15 days. From this order an appeal was taken to this court. The appeal was dismissed on the ground that said order was not appealable. Appellants now move for a reinstatement of the appeal on the ground that the court erred in dismissing it. The sole question is, Was said order appealable?

Is this a final order? It deprives appellants of no property right. It works no immediate injury to their rights. It cannot damage them until a final decree is made, and then only so far as it affects said decree. The order is not a final order. It is an interlocutory order. It is governed by the decision of *Morris* v. *Morris*, 5 Mich. 171. There a suit was brought to foreclose a mortgage. A question arose as to the right of the defendant to have certain credits indorsed on the mortgage indebtedness. April 11, 1857, it was ordered that these indorsements should be allowed, and the court directed a reference for computation on that basis. December 2, 1857, a decree of foreclosure and sale was made. From this decree complainant appealed to this court. We quote from the opinion in that case (page 179):

"A preliminary point was made by the counsel for the appellee that, inasmuch as the decretal order of April 11th settled the question of allowance of the payments, an appeal from the decree of December 2d could not bring up that question. This position is not well founded. That was an interlocutory proceeding, upon which the final decree was based, but which, of itself, granted no relief and performed no active function. The decree of foreclosure is the only one which disposes in any effectual manner of the rights of the parties. The whole case is properly before us."

If the question involved in appellants' appeal can be reviewed by this court at all, it must, in our judgment, be brought before us on an appeal from the final decree. Appellants' counsel contend that the order is final because it cannot be reviewed by this court on an appeal from the final decree. If this is true,—which is doubtful; see *Morris* v. *Morris, supra; Benedict* v. *Thompson,* 2 Doug. 299,—it does not prove that the order was final. It must be conceded that there are interlocutory orders the merits of which are not open to re-examination on appeal.

This case is unlike the case of *Cross* v. *Cross,* 54 Mich. 115 (19 N. W. 919), cited by appellants. In that case this court sustained the right of a defendant to appeal from an order overruling a plea and permitting him to answer, on the ground that, by appealing, "he thereby elects to stand by his plea, and not to accept the permission given him to answer." Appellants cannot complain that this court did not sustain their appeal on this ground. Notwithstanding their appeal, they distinctly claimed the right to answer, and two of them have since that time, as we are informed by their counsel, exercised that right.

Motion to reinstate appeal is therefore denied.