WELLS v. MONTCALM CIRCUIT JUDGE.

1. PROHIBITION—PROPRIETY—CONFLICT OF JURISDICTION.
    Where the circuit courts of different counties are attempting to exercise jurisdiction in a divorce case simultaneously and have made conflicting orders, prohibition is appropriate to settle the conflict of jurisdiction, vacate orders improperly made, and prevent the making of others.

2. COURTS—JURISDICTION—CONFLICTS—PRIORITY.
    Where husband and wife reside in different counties, and the wife files a bill for divorce in the county of her residence and in good faith places the subpœna in the hands of the sheriff for service, the court has jurisdiction, and the subsequent filing of a bill by the husband in his county will not oust it, though service of process is obtained first on his bill.

Petition by Maude M. Wells against Frank D. M. Davis, circuit judge of Montcalm county, for a writ of prohibition to restrain the exercise of jurisdiction in a divorce

proceeding.  Submitted June 20, 1905.  (Calendar No.
21,143.)  Writ granted July 21, 1905.

*E. O. Grosvenor* and *Willis Baldwin* ( *Griswold &
Tennant,* of counsel ), for relator.

*E. J. Bowman* and *C. L. & C. B. Rarden,* for respond-
ent.

CARPENTER, J.  The circuit court for the county of
Wayne, in chancery, and the circuit court for the county
of Montcalm, in chancery—courts of co-ordinate jurisdic-
tion—each asserts exclusive jurisdiction over a divorce
suit between relator and her husband, Percy D. Wells.
Relator, Maude, resides in Wayne county.  Her husband,
Percy, resides in Montcalm county.  Relator, Maude, is
the complainant, and her husband, Percy, the defendant,
in the suit pending in the Wayne circuit court, while
Percy is the complainant and Maude is the defendant in
the suit pending in the Montcalm circuit court.  The suit
pending in the Wayne circuit was first commenced,
and the subpœna immediately placed in the hands of a
sheriff for service.  Before this service was made, the
suit was commenced in the Montcalm circuit, and the pro-
cess issued from that court was served before the process
issued from the Wayne circuit.  The complainant in each
suit asked for the custody of the infant child of the par-
ties, the offspring of the marriage, and each court has
issued an injunction restraining the defendant from inter-
fering with the complainant's custody of said child.  The
defendant in each suit has filed a plea to the jurisdiction,
and each court has overruled that plea.  Relator now ap-
plies to this court for a writ of prohibition directed to said
respondent, requiring him to refrain from exercising juris-
diction of the suit pending in the court of which he is
judge.

The first question for our consideration is this : Is a writ
of prohibition the appropriate remedy ?  We have held

(*Wells* v. *Montcalm Circuit Judge*, 139 Mich. 544) that mandamus is not the appropriate remedy, saying:

" The writ of mandamus will not be allowed to take the place of an appeal or a writ of prohibition, or any other writ to review the action of a lower court."

The writ of mandamus asked for would simply have compelled the vacation of certain orders. This relief would have been inappropriate. Appropriate redress for relator's grievance requires respondent not merely to vacate orders already made, but to refrain from further exercising jurisdiction. This relief can be afforded by a writ of prohibition (see *Hudson* v. *Judge of Superior Court of Detroit*, 42 Mich. 239), but not by a writ of mandamus. No relief can be obtained by appealing from the order overruling the plea. That order is not appealable. See *Miller* v. *McLaughlin*, 135 Mich. 646. It is earnestly contended that relator can secure appropriate relief by appealing from a final decree. There is no doubt that the question involved in this case may be reviewed by appealing from a final decree, provided relator does nothing to waive her right to have it so reviewed, but it by no means follows that the remedy by appeal is adequate. Each of the two courts now claiming and exercising jurisdiction has already made, and, it may be presumed, will hereafter make, conflicting orders respecting the custody of the minor child It may be presumed that each of these courts will proceed at once to enforce such orders. Indeed, it is clear that the interests of the parties and of the child require that the order of the court whose jurisdiction is rightful should be at once enforced. The situation would be intolerable if this condition of affairs must continue during all the time that must elapse before the case can be reviewed after a final decree. This is a case, therefore, in which it is clear that the remedy by appeal is not adequate. Our own decision in *Maclean* v. *Wayne Circuit Judge*, 52 Mich. 257, is authority for the proposition that the writ of prohibition is the appropriate remedy. In

that case the Wayne circuit court in chancery entertained jurisdiction of a matter within the exclusive cognizance of the superior court of Detroit. This court issued a writ of mandamus vacating an injunction, and a writ of prohibition staying further proceedings, saying:

"It is a familiar principle that, when a court of competent jurisdiction has become possessed of a case, its authority continues, subject only to the appellate authority, until the matter is finally and completely disposed of; and no court of co-ordinate authority is at liberty to interfere with its action. The principle is essential to the proper and orderly administration of the laws; and, while its observance might be required on the grounds of judicial comity and courtesy, it does not rest upon such considerations exclusively, but is enforced to prevent unseemly, expensive, and dangerous conflicts of jurisdiction and of process. If interference may come from one side, it may from the other also, and what is begun may be reciprocated indefinitely."

See, also, *Clark County Court* v. *Warner*, 116 Ky. 801; Throop on Public Officers, § 835; Mechem on Public Offices and Officers, § 1014; *Hudson* v. *Judge of Superior Court of Detroit*, 42 Mich. 239.

It is proper, then, to determine in this proceeding whether the Montcalm circuit court had a right to assume jurisdiction of this controversy. At the time suit was commenced in the Montcalm circuit, relator had in good faith filed her bill in the Wayne circuit court. Process had been issued by that court, and was then in the hands of the sheriff of Wayne county for service. The question in this case is not whether the Wayne circuit court had at that time acquired such jurisdiction that it might render a decree binding upon the parties. It is clear that it had not. The question is whether the Montcalm circuit court had a right to prevent its acquiring such jurisdiction. There is authority for saying that, until service of process was actually made, it had that right. See *Union Mut. Life-Ins. Co.* v. *University of Chicago*, 6 Fed. 443; *Owens* v. *Railroad Co.*, 20 Fed. 10. The true rule, how-

ever, and the rule sustained by the weight of authority (see *Farmers' Loan & Trust Co.* v. *Railroad Co.*, 177 U. S. 51; *In re Talbot*, 9 Wkly. Law Bul. 271; *Spinning* v. *Trust Co.*, 2 Disn. (Ohio) 336; *Chicago, etc., R. Co.* v. *Board of Com'rs of Chase Co.*, 42 Kan. 227, denies that right. It would create unseemly conflicts, if, after a court has taken cognizance of a controversy of which it has jurisdiction, and while it is proceeding regularly in an attempt to acquire jurisdiction, another court of co-ordinate jurisdiction has power to frustrate that attempt.

It results from this reasoning that the writ of prohibition prayed for in relator's petition should issue, with costs against Percy D. Wells.

MCALVAY, GRANT, BLAIR, and MONTGOMERY, JJ., concurred.