## PAINTER *v.* LEBANON LAND CO.

APPEAL AND ERROR—ABATEMENT—PLEA—FINAL ORDER—EQUITY.
An order overruling defendant's plea in abatement to a creditor's bill to sequestrate property, but without prejudice to the defendant's right to raise the same defense by answer, is not a final appealable order.

Appeal from Washtenaw; Kinne, J. Submitted April 8, 1913. (Docket No. 7.) Decided December 20, 1913.

Bill by Resom M. Painter and another against the Lebanon Land Company and others for sequestration of assets. From an order overruling defendants' plea in abatement defendants appeal. Dismissed.

*M. J. Cavanaugh* and *Arthur Brown,* for complainants.

*Robert E. Bunker* and *B. M. Thompson,* for defendants.

BIRD, J. The complainants recovered a judgment against the defendants in the Washtenaw circuit court for the sum of $2,193, in an action for fraud and deceit, growing out of the sale of certain lands in Cuba to them by the defendants. For want of property to levy upon, this chancery proceeding was instituted under section 9760, 3 Comp. Laws (5 How. Stat. [2d Ed.] § 13533), to sequestrate the stock, property, etc., of the defendant corporation. To the bill of complaint the defendants interposed a plea setting up therein, in substance, that the complainants were indebted to the defendant the Lebanon Land Company in the sum of $656.64, the same being the balance of the purchase price for said lands, and the plea concluded as follows:

"Wherefore, by reason of the premises and because the said complainants have not in and by their said bill offered to allow and pay said sum of $656.64, together with interest thereon as aforesaid, as an offset to the said judgment, this honorable court is without jurisdiction to hear and determine this cause. Therefore these defendants plead the said set-off in bar to complainants' bill, as hereinbefore particularly mentioned, and pray the judgment of this honorable court whether they (or any of them) ought to be compelled to make any further answer to said bill or any part thereof."

A hearing on the plea was had before the chancellor, and resulted in the following order being made:

"It is ordered, adjudged, and decreed that said plea be and the same is hereby overruled, but without prejudice to the defendants to raise by their answer the same defense as is raised by and set forth in said plea.

"It is further ordered that the defendants have 15 days from and after this date in which to answer said bill of complaint, or take such steps therein as may be advised.     Provided, however, that if an appeal or other method of review be taken from this order to the Supreme Court of the State of Michigan, the defendant shall have 15 days in which to answer said bill after said cause has been determined in said Supreme Court, if defendant take steps to appeal to the Supreme Court within the time prescribed by statute."

The defendants, feeling aggrieved at this order, have taken an appeal therefrom to this court, and they base their argument for reversal on the maxim that "He who seeks equity, must do equity;" that complainants have neglected and refused to indorse on their execution the amount owing by them to the execution defendants, and therefore the court ought not in equity to entertain the proceeding at all.

The complainants argue that the appeal should be dismissed for the following reasons:

(1) Because the order is not a final order, and therefore is not appealable; (2) because the plea is frivolous and without merit.

The general rule is, that a judgment on a plea in abatement is not final in the sense that it may be reviewed before the final determination of the cause. 2 Cyc. p. 607, and cases cited.  It would not be, in any event, unless it affected the merits of the controversy. *Miller* v. *McLaughlin*, 135 Mich. 646 (98 N. W. 390) ; 2 Cyc. p. 587.  It is quite apparent that the order made by the trial court has no such effect.  The court said, in effect, to the defendant by its order, there may be some merit in your plea, but if there is, I am not going to determine it until I hear the whole case upon its merits.  I will overrule it now, but it shall be without prejudice to your raising the same question in your answer.  In other words, the court examines

the plea, listens to the arguments thereon, and postpones his decision thereof until he hears the whole case on its merits. This practice finds support in Puterbaugh's Chancery Practice, p. 97, and cases cited. The order as made is in no sense a final order, and is therefore not appealable.

The appeal will be dismissed, with costs to complainants.

STEERE, C. J., and MOORE, MCALVAY, BROOKE, KUHN, STONE, and OSTRANDER, JJ., concurred.