CROSS *v.* LEONARD.

PARTNERSHIP—NAMES—FICTITIOUS NAME.

> The name Cross Brothers, adopted and used by two brothers named Cross engaged in business as copartners, is not an assumed name that must be registered under Act No. 101, Pub. Acts 1907 (2 How. Stat. [2d Ed.] § 2626), requiring the filing of a sworn certificate of membership, etc., with the county clerk.

Error to Wayne; Van Zile, J. Submitted April 20, 1914. (Docket No. 74.) Decided June 1, 1914.

Assumpsit in justice's court by William and Herman Cross, copartners as Cross Brothers, against George E. Leonard for money had and received. From a judgment for the defendant, plaintiffs appealed to the circuit court. Judgment for defendant. Plaintiffs bring error. Reversed.

*John J. Gafill* (*Frederic T. Harward,* of counsel), for appellants.

*George E. Leonard, in pro. per.*

MOORE, J. This action was brought by William Cross and Herman Cross, copartners doing business under the name of Cross Brothers, against the defendant, for money due amounting to $49.81, before one of the justices of the peace for the city of Detroit. The plaintiffs declared orally upon all the common counts, while defendant pleaded in abatement. The case was tried by the justice, who rendered judgment of no cause of action because plaintiffs had failed to file a certificate, as is required by Act No. 101 of the Public Acts of 1907 (2 How. Stat. [2d Ed.] § 2626 *et seq.*), in the case of copartnerships or individuals

doing business under an assumed or fictitious name. The amount involved being below $50, no appeal could be taken, because of the statute applying to justices' courts in Detroit. The case was removed to the circuit court by writ of certiorari, and a hearing was had, whereupon judgment was duly entered, affirming the judgment of the justice of the peace. The case is brought here by writ of error.

The only question involved for the determination of this court is this:

"Is a copartnership, consisting of two brothers, doing business under their surnames, with the word 'Brothers' added thereto, required to file a certificate with the clerk of the county in which their business is carried on, as provided by Act 101 of the Public Acts of 1907?"

This court has had occasion to consider the question raised in the recent cases of *Axe* v. *Tolbert,* 179 Mich. 556 (146 N. W. 418), and *Sauer* v. *Construction Co.,* 179 Mich. 618 (146 N. W. 422). We think the principles announced in those cases and the authorities cited therein are controlling in the instant case, and it is not necessary to repeat here what is said there.

The judgment is reversed, and a new trial ordered.

McALVAY, C. J., and BROOKE, KUHN, STONE, OSTRANDER, BIRD, and STEERE, JJ., concurred.