ZEMON *v*. TRIM.

NAMES—FICTITIOUS OR ASSUMED NAME—PARTNERSHIP.
 The name David S. Zemon & Company, employed by a co-partnership composed of said Zemon and another, is not a fictitious or assumed name, requiring registration with the county clerk and a certificate of membership under Act No. 101, Pub. Acts 1907 (2 How. Stat. [2d Ed.] § 2626 *et seq.*).

Appeal from Wayne; Van Zile, J. Submitted April 24, 1914. (Docket No. 15.) Decided June 1, 1914.

Bill by David S. Zemon and Philip D. Gordon, co-partners as David S. Zemon & Company, against Norman B. Trim and others to reach equitable assets of the defendants upon a judgment. From a decree for defendants, complainants appeal. Reversed.

*Selling & Brand,* for complainants.

*L. Eugene Sharp,* for defendants.

STONE, J. The history of this litigation, briefly stated, is as follows: Complainants were in the business of the manufacture of garments in the city of Detroit. It is claimed that they sold and delivered to the defendants (other than Belle M. Trim), as copartners, certain merchandise. The merchandise not being paid for, complainants sued said copartnership defendants in justice's court in said city, and obtained a judgment for $465.28, damages and costs. The judgment not being paid, a transcript was filed in the circuit court, an execution was issued thereon, placed in the hands of the sheriff, and in due time was returned unsatisfied. Thereupon a judgment creditor's bill was filed against all of the defendants. Application in due form was made for the appointment of a receiver, to which defendants raised the objection that complainants had not complied with Act No. 101 of the Public Acts of 1907, being "An act to regulate the carrying on of business under an assumed or fictitious name." The court below denied the application for a receiver for the sole reason that complainants had not complied with said act. Thereupon application was made to this court for the writ of mandamus to compel the circuit judge to appoint a receiver. This application was denied. See *Zemon v. Wayne Circuit Judge,* 171 Mich. 589 (137 N. W. 210).

The defendants then filed a plea setting forth that complainants had no right to bring this suit for the

reason that they had no standing in court, because David S. Zemon & Co. was an assumed name, as the style under which the complainants were conducting and transacting business, to wit, David S. Zemon & Co., did not contain the individual names of the parties or partners therein interested, being David S. Zemon and Philip D. Gordon, and that the said style, David S. Zemon & Co., was an assumed or fictitious name within the meaning of said act, etc., and alleging that said complainants had not at the time, or previous to the time of the filing of their said bill of complaint, filed the certificate required by said act. The plea was set down for hearing and argument, after which the circuit judge filed an opinion in which he sustained the plea, and entered an order accordingly. From this order the complainants have appealed.

It is the claim of defendants that the question here involved is ruled and controlled by the case of *Cashin* v. *Pliter*, 168 Mich. 386 (134 N. W. 482, Ann Cas. 1913C, 697). It will be noted that in that case the firm name was the "Flint Construction & Realty Company," manifestly an assumed or fictitious name. Not so in the instant case. It cannot be said David S. Zemon is an assumed or fictitious name, nor can that term be applied to David S. Zemon & Co. We are of the opinion that the reasoning in the above cited case does not apply to the instant case. We think that this case is ruled and controlled by the cases of *Sauer* v. *Construction Co.*, 179 Mich. 618 (146 N. W. 422); *Axe* v. *Tolbert*, 179 Mich. 556 (146 N. W. 418), and *Cross* v. *Leonard, ante*, 24 (147 N. W. 540).

The language of Justice STEERE in the *Sauer* and *Axe Cases* is strikingly pertinent in the instant case.

In our opinion the name here used was not "an assumed or fictitious name," within the meaning of the act.

The order or decree of the circuit court is reversed, and the case remanded to the court below for further proceedings. The complainants will recover their costs to be taxed.

MCALVAY, C. J., and BROOKE, KUHN, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.