HAGAR *v.* SCHLIESS.

1. EQUITY—PRACTICE—PLEA—APPEAL.
   In a suit in equity, upon the filing of a plea to the bill of complaint, the proper practice is to set the plea down for argument, unless the truth of the facts therein stated can be controverted by testimony.

2. APPEAL AND ERROR.
   If the plea goes to the whole case and disposes of the controversy, and the defendant has allowed to lapse the right to answer after his plea has been overruled by the court on hearing the proofs, the order should be treated as final and appealable.

3. SAME—HEARING—PLEA—JUDGMENT.
   Where the defendant in a suit to enforce a mechanic's lien filed a plea to the bill on the alleged ground that complainant was engaged in business in violation of Act No. 101, Pub. Acts 1907, under a fictitious name, and where the complainant entered a replication to the plea, which replication, on the hearing, the court struck from the files granting permission to the defendant to withdraw the plea and file an answer and formally overruling the plea, also allowing the defendant twenty days in which to answer, and where the defendant, instead of filing an answer permitted the complainant to take a decree *pro confesso*, the order of the court was a final and appealable order, and the appeal should not be dismissed on the motion of the appellee.

Bill by Alton J. Hagar against Frank C. Schliess and George J. Bachman, copartners, doing business as Schliess & Bachman, and others. Defendants filed a plea which was overruled with leave to answer. From a decree *pro confesso* for complainant, defendants appeal. On motion to reinstate the appeal after dismissal. Submitted November 24, 1914. (Calendar No. 26,382.) Motion granted December 19, 1914.

*Russell R. McPeek,* for the motion.

*Clapperton, Owen & Hatten, contra.*

STONE, J.  This case is now before us upon the motion of the defendants to reinstate their appeal, upon the ground that we erred in dismissing it.  The history of the proceedings and of the steps taken therein is as follows:

Complainant filed his bill of complaint to foreclose a mechanic's lien for lumber and material furnished by him to defendants Schliess and Bachman and used in the construction of a certain building for the defendants.  To this bill the appellants filed a plea, duly verified, setting up in brief  that, at the time complainant entered into the contract alleged in the bill, he was doing business under the assumed name of the Hagar Lumber & Coal Company, of which he was the sole proprietor; that under the above business name he entered into this contract, and as such furnished the materials in question; that at the time of entering into this contract, and while he was so conducting his business, complainant had not filed in the office of the clerk of the proper county  the certificate required by Act No. 101 of the Public Acts of 1907, entitled "An act to regulate the carrying on of business under an assumed or fictitious name."  The plea properly raised that sole question.  Upon this plea complainant took issue by filing a replication, followed by the service of notices of taking proofs in open court and of hearing.  The case was heard upon the sole issue thus framed by the trial court.  In an opinion filed by the court it was said that "on the hearing there was no attempt to disprove the truth of the plea, and its truth was established beyond a doubt." However, on June 22, 1914, an order was filed and entered, concluding as follows:

"It is hereby ordered that the replication filed by said complainant herein is hereby stricken from the files of said cause, and may be withdrawn by said complainant, and that the said plea of said defendants be, and the same is hereby, overruled, and that the said defendants answer the said bill of complaint within twenty (20) days from the entry and filing of this order, and that, in default thereof, the said bill be taken as confessed by the said defendants for want of an answer."

With the record standing in this condition the defendants (except defendants Schliess and Bachman) on August 4, 1914, filed and served notice of appeal to this court. The appeal was perfected in due time, and the case was placed upon the October, 1914, docket for hearing.

A motion was made by complainant to dismiss the appeal, for the reason that the order overruling the plea was not a final order from which an appeal could be legally taken, but that the same was interlocutory and not appealable. On October 12, 1914, we granted the motion to dismiss the appeal, making the following memorandum:

"Appeal dismissed, without prejudice to raise the question by answer."

The appealing defendants now ask us to re-examine the matter for the following reasons:

(1) Because this court overlooked the fact that the defendants had irrevocably abandoned their right to file an answer in said cause, and had in their brief upon said motion declared their sole reliance upon their plea filed in said cause and the issue framed thereon.

(2) Because the court overlooked the fact that said defendants, in waiting for the time granted them by the trial court in which to answer, to elapse, before taking their appeal from the order overruling their plea, were by law barred from answering, and were legally deemed to have elected to abide by their plea.

(3) Because defendants have abandoned their right to answer in said cause, and have elected to abide by their plea and the issues framed thereon in the final disposition of said cause.

In defendants' brief, in answer to the motion to dismiss, they said:

"In this cause we have irrevocably abandoned our right to answer, electing to stand or fall on the issue framed under the plea, and we respectfully urge that we should not be denied a hearing on this, the only question involved."

The last clause of subdivision "f" of Chancery Rule 8, relating to pleas to bill, is as follows:

"If the facts are determined for the complainant, the effect shall be the same as though the bill of so much thereof as is covered by the plea was taken *pro confesso.*"

It is very evident that the plea in this case is to the whole bill. No doubt the proper practice in this case would have been to have set the plea down to be argued, if it was desired to test the legal sufficiency of the plea. Instead of that course being taken, a replication was filed and proofs taken; the trial court finding that the matters alleged in the plea were true in fact, but must have reached the conclusion that they were insufficient in law to defeat the bill.

It is the claim of appellants that this question should be treated as governed by the case of *Cross* v. *Cross*, 54 Mich. 115 (19 N. W. 919). That is a very short case. There was a motion to dismiss the appeal. The following is the opinion in full:

"PER CURIAM. Bill for divorce. The defendant interposed a plea that he was never married to the complainant. The court, on hearing upon this plea, overruled it, and gave defendant leave to answer within 20 days. Without waiting for the expiration of the 20 days, defendant appealed, and complainant

moved to dismiss the appeal on the ground that the order overruling the plea was not a final order.

"The defendant undoubtedly had a right, within 20 days, to elect to abide by his plea, or to answer, under the permission given him. Had he waited till the expiration of the 20 days without answering, and then appealed, we should have had no doubt of his right to take that course. And we are inclined to hold that when he appeals within the 20 days, he thereby elects to stand by his plea, and not to accept the permission given him to answer; and, in this view, the appeal may be saved.

"Motion denied, without costs."

It is urged by appellants that the rule above declared has never been changed, but that it has been recognized since by this court. It will be noted that the appealing defendants allowed the 20 days in which they could answer to elapse before claiming their appeal, thus depriving themselves of the right to answer, and permitting the bill to be taken as confessed.

In *Cross* v. *Cross, supra,* the only doubt expressed by this court as to appellant's right to appeal arose from the fact that his appeal was taken within the 20 days granted him in which to answer, but even that was held not to be fatal. But it would seem that the appellants in this case are within the rule suggested by this court as leaving it in "no doubt of his right to take that course."

The question arose next in *Miller* v. *McLaughlin,* 135 Mich. 646 (98 N. W. 390). We have been unable to procure the record in that case, but enough appears in the opinion to distinguish it from the *Cross Case.* The motion there was to reinstate an appeal, and this court said:

"This case is unlike the case of *Cross* v. *Cross,* 54 Mich. 115 [19 N. W. 919], cited by appellants. In that case this court sustained the right of a defend-

ant to appeal from an order overruling a plea and permitting him to answer, on the ground that, by appealing, 'he thereby elects to stand by his plea, and not to accept the permission given him to answer.' Appellants cannot complain that this court did not sustain their appeal on this ground. Notwithstanding their appeal, they distinctly claimed the right to answer, and two of them have since that time, as we are informed by their counsel, exercised that right.

"Motion to reinstate appeal is therefore denied."

The question next arose in *Wells* v. *Montcalm Circuit Judge*, 141 Mich. 58 (104 N. W. 318, 113 Am. St. Rep. 520). That was an application for a writ of prohibition to restrain the exercise of jurisdiction in a divorce proceeding. This court, in its reasoning why a writ of prohibition might issue, referred to the fact that there had been a plea interposed in the divorce case, and used this language:

"No relief can be obtained by appealing from the order overruling the plea. That order is not appealable. See *Miller* v. *McLaughlin*, 135 Mich. 646 [98 N. W. 390]."

It will be noted that the court refers solely to *Miller* v. *McLaughlin*, but, whether the circumstances were the same, we are unable to determine; but it may be said that the ruling was in reliance upon that case. The latest expression of this court on this subject is contained in *Painter* v. *Land Co.*, 178 Mich. 47 (144 N. W. 483). We invite attention to the opinion of Justice BIRD in that case and to the following language:

"A hearing on the plea was had before the chancellor, and resulted in the following order being made:

" 'It is ordered, adjudged, and decreed that said plea be and the same is hereby overruled, but without prejudice to the defendants to raise by their answer the same defense as is raised by and set forth in said plea.

" 'It is further ordered that the defendants have 15 days from

and after this date in which to answer said bill of complaint, or take such steps therein, as may be advised. Provided, however, that if an appeal or other method of review be taken from this order to the Supreme Court of the State of Michigan, the defendant shall have 15 days in which to answer said bill after said cause has been determined in said Supreme Court, if defendant takes steps to appeal to the Supreme Court within the time prescribed by statute.' "

The defendants took an appeal to this court. The complainants moved to dismiss the appeal for the following reasons:

"Because the order is not a final order, and therefore is not appealable."

We further quote the language of the opinion:

"The general rule is that a judgment on a plea in abatement is not final in the sense that it may be reviewed before the final determination of the cause. 2 Cyc. p. 607, and cases cited. It would not be, in any event, unless it affected the merits of the controversy. *Miller* v. *McLaughlin,* 135 Mich. 646 (98 N. W. 390) ; 2 Cyc. p. 587. It is quite apparent that the order made by the trial court has no such effect. The court said, in effect, to the defendant by its order, there may be some merit in your plea, but if there is, I am not going to determine it until I hear the whole case upon its merits. I will overrule it now, but it shall be without prejudice to your raising the same question in your answer. In other words, the court examines the plea, listens to the arguments thereon, and postpones his decision thereof until he hears the whole case on its merits. This practice finds support in Puterbaugh's Chancery Practice, p. 97, and cases cited. The order as made is in no sense a final order, and is therefore not appealable."

In our opinion the case of *Cross* v. *Cross, supra,* and the instant case are readily distinguished from *Miller* v. *McLaughlin* and *Painter* v. *Land Co., supra.* In the instant case the plea was to the whole bill and affected the merits of the entire controversy. By the overruling of the plea and the lapse of the time in

which defendants could answer, the bill of complaint was, under the rule, taken as confessed, and in our opinion the defendants are without remedy, unless it be upon their appeal.

Referring to page 97 of Puterbaugh's Chancery Practice, cited above by Justice BIRD, the reason of the rule applied by him in that case is well stated:

"It sometimes happens that, upon the argument of a plea, the court considers that, although so far as then appears, it may be a good defense, yet there may be matters disclosed in the evidence which, supposing the matter pleaded to be strictly true, would avoid it. In such a case the court, in order that it may not preclude the question of allowing the plea, directs that the benefit of it shall be saved to the defendant at the hearing.

"The effect of an order for this purpose is to give the complainant an opportunity of replying and going into evidence without overruling the plea. And, when the benefit of the plea is reserved to the hearing, such parts of the bill as are covered by the plea are not to be answered, and neither party recovers cost until the hearing."

It is manifest that such was not the view entertained by the trial judge in the instant case, but that, on the other hand, the order of the court below was, in case the defendants did not answer in 20 days, the bill of complaint should be taken as confessed by them. Notwithstanding the language used by this court, as above quoted, in the case of *Wells* v. *Montcalm Circuit Judge, supra,* we do not find that it has been the intention of this court to overrule the doctrine of *Cross* v. *Cross, supra.* We are of opinion that the rule there stated is the correct one, and in a case where the plea goes to the entire bill, and, if good, effectively disposes of the entire case, and especially where the defendant has been by the lapse of time, or otherwise, deprived of the right to answer, the order should be treated as a final and appealable

order. Furthermore, it may be said that this practice is in harmony with our statute (section 1, Act No. 299, Pub. Acts 1909), permitting appeals from orders overruling general demurrers, and with the general line of authorities permitting appeals from orders decisive of the entire cause of action.

We think that it should be held that the appeal in this case was improperly dismissed, and that the same should be reinstated, but without costs, and the case will be placed upon the January, 1915, docket for hearing.

It will be so ordered.

McALVAY, C. J., and BROOKE, KUHN, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.