HAGER v. SCHLIESS.

PARTNERSHIP—ASSUMED OR FICTITIOUS NAME—STATUTES—PLEA TO
BILL OF COMPLAINT.
    The verified plea to complainant's bill to foreclose a me-
        chanic's lien setting up as an alleged defense that com-
        plainant was engaged in conducting his business under
        an assumed or fictitious name in violation of Act No.
        101, Pub. Acts 1907 (2 How. Stat. [2d Ed.] § 2626 et seq.),
        as the Hager Lumber & Coal Company, was properly
        overruled by the trial court upon the ground that it was
        insufficient in law, plaintiff's name being the same as
        that adopted in the title of the company and no fictitious
        or misleading name appearing in the title.

Appeal from Eaton; Smith, J.  Submitted January
19, 1915.   (Docket No. 135.)   Decided March 17,
1915.

Bill by Alton J. Hager against Frank C. Schliess
and others to foreclose a mechanic's lien.  Defendants
filed a plea to the bill.  Plaintiff entered a replication,
which the court struck from the files after hearing the
testimony in support of the plea which the trial court
held was insufficient in law.  Defendants elected to
abide by their plea and appeal.  Affirmed.

*Clapperton, Owen & Hatten* (*Elmer N. Peters,* of
counsel), for complainant.
*Russell R. McPeek,* for defendants.

MOORE, J.  Some phases of this litigation were re-
cently before this court.  A reading of the opinion,
found in 183 Mich. 610 (149 N. W. 1058), will make
a long statement unnecessary here.
    The case was argued at the January term of the
court.  Counsel for appellants says—we quote from
the brief:

"As we view this case there is only one question involved, viz., whether the established rules and precedents of this court relating to the practice upon and disposition of pleas in chancery are to be sustained or are to be reversed, and we shall accordingly begin our argument with a discussion of this topic."

We cannot agree with the counsel that this is the question involved. His appeal was reinstated because he contended and the record showed that defendants had abandoned their right to answer in said cause, and had elected to abide by their plea. The trial court found that the truth of the plea was established, but he was of the opinion that, though established, it is not sufficient in law to constitute a defense. We take it the question is, Was he right in so finding? This court has recently had occasion to construe Act No. 101, Pub. Acts 1907, entitled "An act to regulate the carrying on of business under an assumed or fictitious name." The cases are *Cashin* v. *Pliter*, 168 Mich. 386 (134 N. W. 482, Am. & Eng. Ann. Cas. 1913C, 697) ; *Sauer* v. *Construction Co.*, 179 Mich. 618 (146 N. W. 422) ; *Axe* v. *Tolbert*, 179 Mich. 556 (146 N. W. 418) ; *Zemon* v. *Trim*, 181 Mich. 130 (147 N. W. 540) ; and *Cross* v. *Leonard*, 181 Mich. 24 (147 N. W. 540). These cases are so recent and so accessible that we shall content ourselves with saying that they justify the conclusion that defendant's plea, though true, was not a defense.

The decree is affirmed.

BROOKE, C. J., and MCALVAY, KUHN, STONE, OSTRANDER, BIRD, and STEERE, JJ., concurred.