PEOPLE v. DUDGEON.

1. APPEAL AND ERROR—PRESUMPTIONS.
   Error may not be presumed but must affirmatively appear.[1]

2. SAME—REVERSAL MAY NOT BE PREDICATED ON ASSIGNMENT UNLESS ERROR APPEARS.
   Where an instruction by the trial court, upon which error was assigned, cannot be said to be an erroneous statement of the law, and where the record does not sufficiently disclose whether or not it was applicable to the facts developed on the trial, reversal may not be predicated thereon.[2]

---

[1]Criminal Law, 17 C. J. § 3560; [2]Id., 17 C. J. § 3570.
For authorities discussing the question as to when confession is voluntary, see notes in 18 L. R. A. (N. S.) 768; 50 L. R. A. (N. S.) 1077.

3. CRIMINAL LAW—HOMICIDE—CONFESSIONS PROCURED BY ARTIFICE
—TRIAL—INSTRUCTIONS.

In a prosecution for homicide, an instruction by the trial
court that "the fact that a confession was procured by
the employment of falsehood by a police officer, detective,
or other person, does not alone exclude it, nor does the
employment of any artifice, deception, or fraud exclude
it if the artifice or fraud employed was not calculated to
procure an untrue statement," *held*, not an erroneous
statement of the law.[3]

4. SAME — TRIAL — INSTRUCTIONS — CONFESSIONS — QUESTION FOR
JURY.

Where, in a prosecution for homicide, the question as to
whether or not certain confessions of defendant to the
officers were voluntarily made was one of fact for the
jury, the trial court was in error in ignoring said question
and in instructing the jury that there was but one ques-
tion for them to consider, and that was whether the con-
fessions were true statements, and that it did not matter
how the confessions were obtained if they were true.[4]

5. SAME—CONFESSION NOT ADMISSIBLE UNLESS VOLUNTARILY MADE.
Confessions not voluntarily made may not be received in
evidence or considered by the jury.[5]

Error to Newaygo; Barton (Joseph), J. Sub-
mitted October 16, 1924. (Docket No. 167.) De-
cided December 10, 1924.

Alice Dudgeon was convicted of murder in the first
degree, and sentenced to imprisonment for life in the
Detroit house of correction. Reversed.

*F. E. Wetmore* and *Fred R. Everett,* for appellant.

*William J. Branstrom,* Special Prosecuting Attorney,
for the people.

FELLOWS, J. Defendant was convicted of murder
in the first degree. The testimony taken on the trial
is not set out in detail but the bill of exceptions shows

[3]Criminal Law, 16 C. J. § 1497; [4]Id., 16 C. J. § 2421; [5]Id., 16
C. J. § 1468.

that confessions made by defendant were received in evidence, that several witnesses testified that such confessions were voluntarily made and that no inducements were offered or threats made or violence used to procure them; that defendant and others testified that the confessions were forced by members of the State police and that they were the result of force, threats and violence. The errors assigned, which are necessary to decision, are upon the instruction of the court on the law of confessions.

The learned prosecuting attorney invokes the well-recognized rule that the charge must be considered in its entirety in determining whether an error necessitating a reversal has been committed. That rule is well established but it does not go to the extent claimed for it. If the charge on the question of confessions was erroneous, it is not cured by a correct instruction as to reasonable doubt, or a correct definition of murder in the first degree. Outside the question of confessions the charge is an admirable one and beyond assault. We should, of course, consider all that was said in the charge on the question of confessions, and, that it may be before us, we quote that portion of the charge in full putting in brackets the two portions on which error is assigned.

"Now, I will instruct you upon the subject of confessions.

"Certain confessions of Alice Dudgeon have been offered and received in evidence in this case which she claims were obtained by torture, fear and improper means. And in this connection, I charge you that if you find the confession obtained by the State police or other officers from her were forced from her by flattery of hope, or by the torture of fear, and were not her voluntary act, and are untrue, you will reject it and give such confession no consideration whatever.

"It appears that after an alleged confession to the State police or other officers, Alice Dudgeon was taken

before a notary public who reduced such confession to writing, and stated to him the same or similar matters that she had stated to the police, and in that connection I charge you that if you find the confession alleged to have been made to the State police or other officers was obtained under circumstances rendering it involuntary and inadmissible, a presumption exists that any subsequent confession arose from a continuance of the prior influence, and this presumption must be overcome before the subsequent confession can be received in evidence.   The controlling influence which produced the prior confession is presumed to continue until its cessation is affirmatively shown, and evidence to overcome or to rebut this presumption must be very clear, strong and satisfactory; if there is any doubt on this point, the confession must be excluded.

"[(1) I further charge you on the subject of confessions and the conduct of the officers in obtaining them, that the fact that a confession was procured by the employment of falsehood by a police officer, detective, or other person, does not alone exclude it, nor does the employment of any artifice, deception, or fraud exclude it if the artifice or fraud employed was not calculated to procure an untrue statement.]

"[(2) It is not for you to exclude this confession because of the fact you find in the procuring thereof that an officer did an unlawful act.   The query for you is but one query, and I instruct you to confine your query to that:   Was the confession a true statement? No matter how obtained.   If it is a true statement you will consider it.   If it is untrue, you will disregard it.]"

1. It can not be said that this instruction was an erroneous statement of the law.   *People* v. *Dunnigan,* 163 Mich. 349 (31 L. R. A. [N. S.] 940); *People* v. *Lipsczinska,* 212 Mich. 484.   Whether it was applicable to the facts developed on the trial is not sufficiently disclosed by the record.   Error cannot be presumed but must affirmatively appear.   Reversal cannot be predicated on this assignment of error.

2. This instruction was clearly erroneous.   We have pointed out that the question of whether the con-

fessions were voluntarily made was one of disputed fact. Before the jury had a right to consider them at all they must first settle the question of whether they were voluntary. By this instruction the jury was told that the sole test was whether they were true, "no matter how obtained." This is not in accordance with the former holdings of this court. The uniform rule in this court is that confessions which are not voluntary may not be received and may not be considered by the jury. In *People* v. *Prestidge,* 182 Mich. 80, this court clearly pointed out the practice where the testimony is undisputed and where it is disputed. It was there said:

"If the preliminary testimony made it clear either that the statement claimed to have been made was voluntary or involuntary, it was the duty of the trial court to admit or reject it. If the testimony left the question in doubt, it was the duty of the court to admit it, and leave the question to the jury under proper instructions to determine whether it was voluntarily made."

In *People* v. *Wolcott,* 51 Mich. 612, it was said by Justice COOLEY, speaking for the court:

"If the statement of the respondent is believed, not only were promises of favor held out to him as an inducement to confess, but he was threatened with personal violence while in confinement; and though the party accused of the threats denies them, we find sufficient in the evidence of witnesses for the people to convince us that the respondent was treated in a manner which was altogether unwarranted. It appears without dispute that in the middle of the night after the officer who had arrested him had retired for much-needed rest, the respondent, instead of being allowed the like privilege of rest, was visited by three persons in succession, whose mission appears to have been to obtain confessions by impressing upon the mind of the respondent that it would be better for him, or he would get off easier if he made confession. None of these persons was the officer in charge; but

their admission to the cell at such an unreasonable hour carried with it an implication of the officer's consent to their mission, and respondent could scarcely fail to be impressed that their assurances were made with full authority.    No reliance can be placed upon admissions of guilt so obtained; for the very obvious reason that they are not made because they are true, but because, whether true or false, the accused is led to believe it is for his interest to make them (citing numerous cases)."

In *People* v. *Clarke*, 105 Mich. 169, the following among other requests was preferred:

"No confession is deemed to be voluntary if it appears to the judge to have been caused by any inducement, threat, or promise preceding from a person in authority, and having reference to the charge against the accused person, whether addressed to him directly or brought to his knowledge indirectly, and if such inducement, threat, or promise gave the accused person reasonable grounds for supposing that by making a confession he would gain some advantage or avoid some evil in reference to the proceedings against him. The prosecutor, officers of justice having the prisoner in custody, or magistrate are persons in authority.

"It is for the jury to determine for themselves whether the alleged confession of the defendant was made freely and voluntarily, without any influence of hope or fear.    If so, they may consider it.    If not, it is no evidence."

The request was refused and this court said:

"The requests presented should have been given. The instruction given did not submit to the consideration of the jury the question of undue influence in obtaining the statement or of the inducements alleged to have been held out by the prosecuting attorney.    Confessions are inadmissible when induced by threats, or by a promise of favor, made by persons apparently acting by authority."

In *People* v. *Brockett*, 195 Mich. 169, this court said:

"Proof of a confession is never admissible unless it is voluntarily made, and by the word 'voluntary'

is meant that the confession must be of the free will and accord of the defendant, without coercion whether from fear of any threat of harm, promise or inducement by hope of reward, or method known as 'sweating'."

In *People* v. *Howes*, 81 Mich. 396, Mr. Justice GRANT, speaking for the court, very definitely laid down the rule as to confessions.   After quoting from the charge in which the jury was cautioned as to the probative force of confessions, he said:

"This was correct, as far as it went; but the learned circuit judge did not go far enough to properly protect the rights of the respondent.   The jury should have been instructed that it was their duty to leave out of consideration these statements, if they found that they were made under compulsion or duress, and that they should first determine that question.   The circumstances under which these alleged statements were made were such as to require, in justice to the respondent, a clear and explicit charge from the court on this point."

This holding was followed in *People* v. *Maxfield*, 146 Mich. 103, where it was said:

"We think the charge was erroneous.   It rests the right to convict upon proof of the making of the acknowledgment, regardless of whether the acknowledgment was voluntary, or made under threats and promises of favor.   The jury should have been instructed that it was their duty to first determine whether the statements were made voluntarily or under threats or promises."

See, also, the following Michigan cases: *Flagg* v. *People*, 40 Mich. 706; *People* v. *Barker*, 60 Mich. 277 (1 Am. St. Rep. 501) ; *People* v. *McClintic*, 193 Mich. 589 (L. R. A. 1917C, 52) ; *People* v. *Biossat*, 206 Mich. 334.   In a recent case, *Ziang Sung Wan* v. *United States*, U. S. Adv. Ops. 1924-25, p. 6 (45 Sup. Ct. 1), handed down October 13, 1924, Mr. Justice Brandeis, speaking for the court, said:

"A confession is voluntary in law if, and only if, it was, in fact, voluntarily made. A confession may have been given voluntarily, although it was made to police officers, while in custody, and in answer to an examination ·conducted by them. But a confession obtained by compulsion must be excluded whatever may have been the character of the compulsion, and whether the compulsion was applied in a judicial proceeding or otherwise."

It will be noted that in no part of the charge on the subject of confessions was there any attempt to cure this erroneous instruction, if it could be cured, except by withdrawing it in its entirety. Indeed, in beginning the instructions on the subject of confessions the learned trial judge fell into the same error and charged the jury that if they found the confessions were involuntary "and are untrue" they should reject them.

To sustain this instruction would sweep aside the bulwark that for nearly a century has protected the citizen accused of crime from the unjustified and unjustifiable acts of over-zealous officers. To sustain this instruction would necessitate a holding that all confessions, no matter how obtained, whether by thumbscrew or torture, or promise, or force, should go to a jury without let or hindrance, leaving only for the jury to decide whether they were true or false. Such a holding does not comport with the spirit of our institutions; it is not conducive to a fair and impartial trial and would overturn the consistent holdings of this court from its very beginning.

The judgment of conviction must be reversed and a new trial granted. Defendant will be remanded to the custody of the sheriff of Newaygo county.

CLARK, C. J., and McDONALD, BIRD, SHARPE, MOORE, STEERE, and WIEST, JJ., concurred.