## Myers Accessory House v. Càmpbell.

*Suit on book account—Written or oral contract—Affidavit raising points of law — Fictitious name — Statement — Quantum meruit and express contract—Fictitious Names Act of June 28, 1917, and Practice Act of May 14, 1915, P. L. 483.*

1. The objection that a statement does not set forth whether the alleged contract on which the suit is brought is oral or written cannot be raised on an affidavit raising a question of law, but must be taken on a motion for a more specific statement.

2. It is not necessary, in an action on a book account, for the statement to set forth whether the alleged contract on which the suit is founded was oral or written.

3. The objection that a plaintiff is trading and doing business under a fictitious name without registration under the Fictitious Names Act of June 28, 1917, P. L. 645, cannot be taken advantage of by affidavit of defense raising a question of law.

4. Where a plaintiff uses his full name in business, the mere fact that he adds "trading as Myers Accessory House" does not bring him within the Fictitious Names Act.

5. A statement in a suit for the price of goods sold is not objectionable where it sets forth an express contract and also that the price charged is just and reasonable; the latter phrase does not make the statement objectionable as claiming also under a *quantum meruit.*

Statutory demurrer.  C. P. Lancaster Co., Feb. T., 1927, No. 113.

*Daniel B. Strickler,* for plaintiff.

*C. N. Berntheizel* and *Charles W. Eaby,* for defendant.

HASSLER, J., July 2, 1927.—The affidavit of defense raising questions of law filed in this case raises three questions, or rather makes three objections

to plaintiff's statement. We will consider them in the order in which they appear in it. The first objection is that the plaintiff does not set forth in the statement whether or not the alleged contract on which the suit is brought is oral or written. This objection cannot be raised on an affidavit of defense raising a question of law, but must be taken on a motion for a more specific statement: Mann v. Mann, 38 Lanc. Law Rev. 407.

As the suit is on a book account, however, it is not necessary to state whether the contract is written or oral. Section 9 of the Procedure Act of May 14, 1915, P. L. 483, provides that a statement of claim shall be as brief, as the nature of the case will admit. In actions of contract, it shall state whether the contract was oral or in writing. In Hine v. Horn, 30 Dist. R. 499, Judge Endlich, in passing upon this question, decided that in an action on a book account it is not necessary to allege whether the contract is oral or in writing. In considering the case of Machine Co. v. Clay Co., 29 Dist. R. 753, in which the contrary was held, and Bartlett Garages v. Kaier, 15 Schuyl. Legal Rec. 81, in which it was decided that it was not necessary, Judge Endlich said: "We think the better reason is with the last-named decision. Charges made in a book of original entry import both sale and delivery of the goods to the defendant (Hubbard v. Tenbrook, 124 Pa. 291, 295), and it is that which in a suit upon a book account constitutes the plaintiff's cause of action. Except what the law implies, there is no contract, written or oral, about it, and, therefore, there is nothing to be averred on the subject under the above provisions of the Practice Act." In Raub Supply Co. v. Forrest, 39 Lanc. Law Rev. 196, and Austin-Western Road Machinery Co. v. Herr et al., 40 Lanc. Law Rev. 266, this court followed this decision of Judge Endlich.

The second objection to it is that the statement shows that the plaintiff was trading and doing business under a fictitious name, without setting forth that he was legally authorized to do so under the Fictitious Names Act. It has been decided that this objection cannot be taken advantage of in an affidavit of defense raising a question of law: Hauer v. Foster Dining Co., 69 Pitts. L. J. 221.

The plaintiff in this case, however, does not come within the provisions of the Fictitious Names Act, for the reason that he uses his own name. In Walker v. Mason, 272 Pa. 315, in delivering the opinion of the court, Justice Frazer questions whether, in addition to making itself liable to the penalties prescribed in the Fictitious Names Act, a copartnership which has not complied with its provisions is also to be deprived of its right to recover in an action on a contract. The question, however, is not decided, because the plaintiff, as in this case, had not violated provisions of the act. The facts were that W. & H. Walker, some eighty years before, had organized a business under that name. After their death, a son and nephew of the plaintiffs continued the business under the same name. H. Walker, the nephew, added the word junior to his name, but it did not appear in the firm name. In his opinion, Judge Frazer said: "As both parties used their individual names, there is nothing fictitious about the firm name under which plaintiffs did business. The identity of the members of the firm was fully disclosed and not in any manner concealed. Accordingly, the case is not within the mischief the Act of 1917 was intended to remedy. This distinction was recognized in Befarah v. Spell (N. C.), 96 S. E. Repr. 949, where it was held that a statute of North Carolina, forbidding the transacting of business under an assumed name, unless a certificate giving names of owners should be duly filed, did not require a certificate to be filed by a firm doing business as

'Aboud Bros.,' and another doing business as 'The Raleigh Bargain House, Nossif & Befarah, Proprietors,' the court saying: 'In a case at the present term, Jennette Bros. Co. v. Elisha Coppersmith and Wife, 97 S. E. Repr. 54, the court held that where the style and title of the business containing the surname of the proprietors was such as to afford a reasonable and sufficient guide to a correct knowledge of the individuals composing the firm, the case did not come within the statute; this not being in any sense an 'assumed name' within the meaning and purpose of the law, . . . we are of opinion that both of these firms . . . come within the principle of that decision. . . .' In Carland v. Heckler, 233 Fed. Repr. 504, where a contract signed 'The Lakeside Dredging Co. by' the individual members, but expressly stated it was 'by and between [H. & B.] copartners doing business in the firm name of Lakeside Dredging Co.,' was held not to violate the act, the court saying (page 506) : 'The pivotal question thus is, whether, in the absence of express statutory declaration to that effect, we should ascribe to the legislature an intention to forbid recovery by any copartnership under any contract it has made in compliance with law, where not only actual information of the names of the copartners is given, but where the contract is made by such copartners in their full and true names, merely because the partnership was at the time engaged in business under an assumed name, and had not given constructive notice to the public of the names of members of the firm. Cashin v. Pliter does not answer this question. . . . The purpose of the statute, as stated by the Michigan Supreme Court, is 'to protect the public against imposition and fraud, prohibiting persons from concealing their identity by doing business under an assumed name, making it unlawful to use other than their real names in transacting business without a public record of who they are, available for use in courts, and to punish those who violate the prohibition.' . . . The instant case is not within the mischief which the statute is designed to prevent, for here there was no concealment, but, on the contrary, express disclosure of the identity of the copartners, and their real names were in fact used in the transaction involved.' To the same effect and holding that partnerships openly using the true names or surnames of their members in their firm name in such manner as to fairly advise of the parties owning or conducting the business, and not to mislead, are not to be regarded under false, assumed or fictitious names. See Zemon v. Trim, 181 Mich. 130, and cases there cited."

The plaintiff in this case uses his own full name in doing business. The mere fact that he adds to that "trading as Myers Accessory House" is not a violation of the Fictitious Names Act, as is clearly shown in the opinion of Judge Frazer, from which we have quoted. See, also, McLaughlin v. Baker, 39 Lanc. L. Rev. 207.

The third objection is that the plaintiff's statement is defective, in that he claims on an express promise to pay, and also claims on a *quantum meruit*. In his statement plaintiff says: "At the special instance and request of the defendant, he sold and delivered to him goods, wares and merchandise in the amounts, of the kinds and prices set forth in a true and correct copy of the account taken from plaintiff's book of original entries hereto attached and marked 'Exhibit A,' showing the price charged by the plaintiff for the goods, wares and merchandise are just and reasonable, *and are the prices which the defendant promised to pay the plaintiff for them.*" While he does aver that the price charged is just and reasonable, it was only done to show that he dealt fairly with the defendant, as he says they are the prices which the defendant promised to pay.

We do not think there is any merit in the affidavit of defense raising a question of law, and decide the questions so raised against the defendant and direct him to file an affidavit of defense within fifteen days of this date.

From George Ross Eshleman, Lancaster, Pa.

NOTE.—See Spector et al. *v.* Walcot Manuf. Co., 10 D. & C. 333.